EZRA BEALS, ADMINISTRATOR OF THE ESTATE OF WILLIAM BEALS, DECEASED *v.* BOARD OF SUPERVISORS OF AMADOR COUNTY.

POWER OF STATE LEGISLATURE.—The Legislative Department of our State Government is not restricted in its sphere of action by a fixed chart of delegated powers. It represents the independent sovereignty of the people of the State, and is supreme and unlimited in all legitimate subject matters of legislation, and is controlled only by such restrictions as are imposed by the organic law of the State.

IDEM—RESTRICTIONS ON POWER OF TAXATION.—The only restriction imposed upon legislative discretion in the matter of taxation by our Constitution is, that it shall be equal and uniform, and in proportion to the property taxed. This is not a restriction of the absolute power to impose taxation, but affects the mode of its exercise only. In every case where the legislative Act imposing taxes conforms to and is not in conflict with constitutional restrictions, it is binding and obligatory, and beyond the control of the Judicial Department of the State Government.

IDEM.—The Legislature may, in strict conformity with its constitutional powers and duties, recognize a moral obligation as the sole basis for the imposition of taxes.

IDEM.—Where, by a prior statute for the ascertainment of a debt due from one county to another, and to provide for its payment by a tax which was thereby imposed, without allowing or making provision for the payment of interest thereon, under

which enactment the debt was fully paid, it is competent for the Legislature, by subsequent enactment, to provide for the payment of interest on such debt by the imposition of a further tax for that purpose.

IDEM.—Where, in such case, said debt had been assigned to and was exclusively owned by a private individual before said past enactment, the tax thereby imposed was no less for that reason for a public benefit.

LEGAL INTEREST—STATUTORY CONSTRUCTION.—By the use of the term *legal interest,* in a statute, must be understood interest at a rate per cent fixed by law, in the absence of special contract, at the date of the passage of the Act.

APPEAL from the District Court, Eleventh Judicial District, Amador County.

In this action the plaintiff sought the mandate of the Court to compel the defendant to levy and cause to be collected, in pursuance of the provisions of the Act entitled "An Act to authorize and provide for the payment by the County of Amador to the County of Calaveras or its assigns of interest on certain indebtedness due from the County of Amador to the County of Calaveras," approved March 31st, 1866, (Stats. 1865–6, p. 471,) a tax to create a fund sufficient to pay the balance then due on the interest, which, in the complaint, was alleged to be nine thousand seven hundred and thirty-nine dollars and sixty·seven cents, on a certain warrant drawn by the Auditor of Amador County on the Treasurer of said county for the sum of twenty-six thousand five hundred and seventeen dollars and thirty-two cents, dated February 18th, 1856. Said warrant was issued in pursuance of the provisions of the Act entitled "An Act to provide for the ascertainment of the indebtedness of Calaveras County prior to the organization of Amador County, and to provide for the payment of that portion due from Amador County to the County of Calaveras," passed April 26th, 1855. The plaintiff sued as the administrator of the estate of William Beals, deceased, to whom, in his lifetime, said warrant had been assigned by Calaveras County.

At the date of the passage of said Act of March 31st, 1866, there had been paid to the holder of said warrant a sum more than sufficient to pay the principal sum therein

expressed.   The subject matter of litigation in this action consisted of the interest, computed at the rate of ten per cent per annum, on the several portions of the principal sum expressed in said warrant, from its date to the several times of the payment of said portions.   To this action the defendant pleaded in bar the judgment rendered in the action of *Beals* v. *The Board of Supervisors of Amador County*, which is fully reported in 28 Cal., p. 449.   The plaintiff had judgment as prayed.   The defendant moved for a new trial, which was denied, and appealed from the judgment and the order denying a new trial.

*R. M. Briggs*, and *John M. Armstrong*, for Appellant.

(I.)   The Act of March 31st, 1866, is unconstitutional and void, for the following reasons :

It assumes to create a contract between Amador County and the plaintiff, whereby the county is to pay him money without consideration; so it is a *nudum pactum*, and void.

In support of this proposition we submit it assumes to give interest on a debt which had been fully paid.   (*Beals* v. *Supervisors*, 28 Cal. 451.)

But if a debt drew no interest and is due, when the delay in payment was not occasioned by any fault of the debtor, and in the absence of an extension of time for payment, an agreement to pay a sum of money as back interest is void for want of a consideration.   (*Adams* v. *Hastings*, 6 Cal. 129, 130; *Shirley* v. *Harris*, 3 McLean, 331.)   So dependent is the interest upon the principal, that an action cannot be maintained for it after the principal has been paid, even though otherwise it might have been.   (*Comparet* v. *Ewing et al.*, 8 Black. 328; *Dixon* v. *Parkes*, 1 Esp. 110: *Tillotson* v. *Preston*, 3 Johns. 229; *Johnson* v. *Brannan*, 5 Johns. 270; *Jacot* v. *Emmet*, 11 Paige, 142; *Williams* v. *Houghtailing*, 3 Cow. 86; *Gillespie* v. *Mayor*, 3 Edw. 582.)

The Legislature cannot create a debt from a county to an individual, nor an obligation upon a past consideration.

(*Inhabitants of Litford* v. *Learnad,* 16 Mass. 216; *Hampshire* v. *Franklin,* 16 Mass. 83; Sedg. on Stat. and Const. Law, 684; *Sanborn* v. *Coms. of Rice County,* 1 Minn. 279.)

The thirteenth section of the Eleventh Article of the Constitution of this State limits the power of the Legislature to levy taxes to "State, county, or town purposes." A tax levied upon the inhabitants of a county for the sole and exclusive benefit of an individual, as in this case, cannot be said to be a tax levied for a *county purpose.* Taxes are defined to be burdens or charges imposed by the legislative power of a State upon persons or property, to raise money for public purposes. (Black. on Tax Titles, 1.) A tax imposed for a private purpose is not within the constitutional power of the Legislature. (*Sharpless* v. *Mayor of Philadelphia,* 21 Penn. 168, 169; *Lumsden* v. *Cross,* 10 Wis. 284; *People* v. *Edmonds,* 15 Barb. 529; *Wells* v. *City of Weston,* 22 Miss. 388; 15 B. Monroe, 498, 499; 9 B. Monroe, 344, 345; *Nougues* v. *Douglass,* 7 Cal. 70.)

(II.) The warrant declared or became merged in the former judgment between the parties to this action. (*Bradly* v. *Reynolds,* 13 Cal. 32; *Wallace* v. *Eldridge,* 27 Cal. 499; Chit. on Cont. 1.)

By the obligation of this contract the plaintiff was obliged to forever omit to claim anything from the defendant, or the County of Amador, on account of that warrant or indebtedness; this was the essential condition of that record contract. But the Act of the Legislature absolves him of his obligation and destroys this condition; such, at least, is the attempt, but the Legislature is without power to accomplish it. (*McCauley* v. *Brooks,* 16 Cal. 29–33; *Green* v. *Biddle,* 8 Wheat. 84; *Fletcher* v. *Peck,* 6 Cranch, 87; *Brownson* v. *Kenzie,* 1 How. 311; *McCracken* v. *Haywood,* 2 How. 608.)

This legislative act is but an attempt to determine a private controversy. (Sedg. on Stat. and Const. Law, 166; *Bates* v. *Kemball,* 2 Chip. 88; *Dufy* v. *Wickwin,* 1 Chip. 238; *Saniford* v. *Barry,* 1 Aik. 315, 316; *Lyman* v. *Mower,* 2 Ver. 519; *Kendall* v. *Dodge,* 3 Ver. 367; *Woodbridge* v. *The City*

*of Detroit,* 8 Mich. 311; *Parmlee* v. *Thompson,* 7 Hill, 80, and note; Sedg. on Stat. and Const. Law, 168–170; Smith on Stat. and Const. Law, 518, Sec. 360; *Louis* v. *Webb,* 3 Gen. 326; *Dunham* v. *Johnson,* 4 Gen. 140.)

(III.)  It was not the intention of the Legislature to give the plaintiff a specific sum of money, but interest, *as such,* on a debt then supposed to exist, and there being no debt, they did not intend to give anything.  When technical language is used it must be taken in a technical sense. (Sedg. on Stat. and Const. Law, 261; *Clark* v. *City of Utica,* 18 Barb. 453; *Bourland* v. *Hildreth,* 26 Cal. 180.)  The word *interest,* as used in the Act, must be taken in its technical sense, or in that sense in which business men would understand it.  "What is interest?  It is an accessory or incident to the principal; the principal is a fixed sum, the accessory is a continually accruing one.  The former is the basis or substratum from which the latter arises, and upon which it rests.  It can never in law sustain the double character of principal and accessory."  (*Doe* v. *Warren,* 7 Greenleaf, 49, marginal page; *Howe* v. *Bradley,* 19 Me. 35, and cases there cited, with others cited *supra.*)

*Principal* and *interest* are correlative terms; the one implies the existence of the other, the latter being dependent upon the former; but in this case there was no debt, and therefore there could be no interest.

*George Cadwalader,* for Respondent.

In the consideration of the question whether the Legislature could impose upon Amador the payment of interest on the warrant drawn under the Act of 1855, it is a matter of no concern to the judiciary whether there is a legal, equitable, or moral basis for the charge or not, inasmuch as there is no restraint upon the taxing authority of the Legislative Department, where, as in this case, there is no pretense of a want of equality or uniformity.  The sum which the Act calls *interest* may be deemed a *gratuity,* and yet be beyond the

reach of this Court. As between the counties, or the assignee of Calaveras and Amador, we can concede that interest was never contemplated, and that it could not be added to a contract between individuals. Still, it does not concern this Court, nor is it within the province of the judiciary to determine what are the rightful objects of taxation. Taxation can only be directed by laws, and this Court is not of the branch of Government that regulates taxation or enacts laws. Its sole province is to determine whether the laws regulating taxation are equal and uniform in their operation, and that no property, by direct provision of law, escapes the burden of taxation. (*People* v. *McCreery*, 34 Cal. 433; *Sharp* v. *Contra Costa County*, 34 Cal. 284; *Burr* v. *Blanding*, 13 Cal. 343; *People* v. *Alameda County*, 26 Cal. 648; 30 Cal. 438; 1 Kernan, 149.)

By the Court, SPRAGUE, J.:

The only question necessarily involved in this case is: Did the Legislature, in the passage of the special Act entitled "An Act to authorize and to provide for the payment by the County of Amador to the County of Calaveras or its assigns, of interest on certain indebtedness due from the County of Amador to the County of Calaveras," approved March 31st, 1866, (Stats. 1865–6, p. 471,) transcend its constitutional powers? The Act reads as follows:

"SECTION 1. The warrants drawn and issued by the Auditor of Amador County upon the Treasurer thereof and in favor of the County of Calaveras, under the tenth section of the Act to provide for the ascertainment of the indebtedness of Calaveras County prior to the organization of Amador County, and to provide for the payment of that portion due from Amador County to the County of Calaveras, approved April 27th, 1855, shall bear legal interest from its date, which said interest shall be paid by the County of Amador to the County of Calaveras, or its assigns; and said

interest shall be paid in the same manner as the principal sum of said warrant was paid, or is payable; and the creation of the fund provided for by the ninth section of said Act shall continue until the warrant and the interest thereon, as aforesaid, is fully paid and discharged; *provided,* however, that the Board of Supervisors of Amador County shall assess and levy the special tax provided for by the ninth section of said Act, for the present year, so that (said) special tax shall be due and collectable at the same time that the taxes for other county purposes are due and collectable for the present year.

"SEC. 2. This Act shall take effect immediately."

The Legislative Department of our State Government is not, like the "Congress of the United States," restricted in its sphere of action by a fixed chart of delegated powers. Its power represents the independent sovereignty of the people of the State, and is supreme and unlimited in all legitimate subject matters of legislation, and controlled only by such restrictions as are imposed by the organic law of the State.

The only restriction imposed upon legislative discretion in the matter of taxation by our Constitution is, that it shall be equal and uniform, and in proportion to the value of the property taxed; and this, it will be observed, is not a restriction of the absolute power to impose taxation, but simply a restriction upon the mode of its exercise. There being, then, no constitutional check or limitation of the legislative power to impose the tax, it would seem to follow necessarily that, if the mode of its exercise, as provided by the Act, conforms to and is not in conflict with the constitutional restriction, the law is binding and obligatory, and beyond the control of the Judicial Department of the State Government.

We do not understand counsel for appellant to claim that this statute is in conflict with the constitutional requirement of equality and uniformity in the mode of exercising the

power, but it is urged that in this enactment the Legislative Department assumes to create a legal liability in behalf of Calaveras County, or its assignee, as against Amador County, imposes a tax upon the inhabitants of Amador County for individual use, and not for public benefit; and, in effect, usurps judicial functions, and nullifies and reverses a judgment of the highest judicial tribunal of the State.

It is true that, previous to the time of the passage of the above Act of March, 1866, no legal obligation existed on the part of Amador County to pay to Calaveras County, or its assigns, legal or any interest upon its share of the debt of old Calaveras County; and it is equally true that the Judicial Department of our State Government determined, in a proceeding properly instituted for that purpose, that the legislative Act of April 27th, 1855, entitled "An Act to provide for the ascertainment of the indebtedness of Calaveras County prior to the organization of Amador County, and to provide for the payment of that portion due from Amador County to the County of Calaveras," did not provide for the payment of interest by Amador County upon her share or portion of the debt of old Calaveras County existing at the time of the organization of Amador County from territory previously included in Calaveras County, and that said Act of 1855 did not impose upon Amador County a legal obligation to pay such interest, or levy any special tax for the same; and this is the full extent and purport of the decision of this Court in the case of *Beals* v. *Supervisors of Amador County,* 28 Cal. 449.    But from this it by no means follows that the Legislature may not, in strict conformity with its constitutional powers and duty, recognize a moral obligation on the part of Amador County to pay interest on its share of the old common debt, and an equitable claim of Calaveras County (diminished in territory and resources to the extent of the territory and resources embraced in the new County of Amador) to such interest, notwithstanding the *casus omissus* in the Act of April 27th, 1855, and the consequent adverse

judicial determination of the legal right claimed by Calaveras County under the Act of 1855.

This omission in the Act of 1855, it is evident, the Legislature, by the Act of March 31st, 1866, intended to supply. By its terms, the legal obligation of Amador County to pay legal interest upon the warrant drawn upon its treasury, in pursuance of the tenth section of the Act of 1855, from its date, is recognized and established, and Amador County is directed and required to provide the means of such payment in the same manner as required by the Act of 1855 for the payment of the principal sum. There is no force in the point urged by appellant that the Act imposes a tax for private purposes. The tax is imposed to satisfy an equitable claim for interest upon the warrant drawn upon the Treasurer of Amador County in favor of Calaveras County. Money raised by taxation by Amador County for the payment of principal or interest upon this warrant is raised for county purposes and in aid of Calaveras County, to discharge a debt existing against old Calaveras County at the time Amador County was carved out of her territory, for which the people of the new county had been in common liable, and for which, with interest, Calaveras County, as a county with her diminished territory and resources, continued liable. The fact that this warrant had been assigned to a private party does not change the purpose or object of the tax.

In the case of *Blanding* v. *Burr*, 13 Cal. 350, Mr. Justice FIELD, in delivering the opinion of the Court, says: "It (the Legislature) can impose a general tax upon all the property of the State, or a local tax upon the property of particular political subdivisions, as counties, cities, or towns. The cases in which its power shall be exercised, and the extent to which the taxation in a particular instance shall be carried, are matters exclusively within its own judgment, subject to the qualifications of equality and uniformity of assessment. And, except as especially restricted, its power of appropriation of the moneys raised is co-extensive with its power of taxation. It may appropriate them to claims which have no

legal obligation, and are founded only in justice. Of the propriety of the appropriation, as of the expediency of the taxation, it is the sole judge. With the exercise of the power in either case the judiciary cannot interfere. The power of appropriation, which the Legislature can exercise over the revenues of the State for any purpose which it may regard as calculated to promote the public good, it can exercise over the revenues of a county, city, or town for any purpose connected with their present or past condition, except as such revenues may be, by the law creating them, devoted to special purposes. In passing the law imposing the tax it can prescribe the objects to which the moneys raised shall be applied. It is only for the convenient administration of the government that the State is divided into counties, cities, and towns. These political subdivisions are mere instrumentalities, with powers more or less enlarged, according to the requirements of the public. In directing, therefore, a particular tax by a municipal corporation, and the appropriation of the proceeds, the Legislature only exercises a power through its subordinate agent which it could exercise directly. The character of the purpose, when there is no constitutional inhibition, cannot affect the power. With the expediency or policy of the purpose the judiciary have nothing to do."

The case of *The Town of Guilford* v. *The Board of Supervisors of Chenango County et al.*, 18 Barb. 615, and 3 Kern. 143, is directly in point upon all the material questions involved in this case, and fully sustains the foregoing views. (See, also, *People* v. *Alameda County*, 26 Cal. 641; *Napa Valley R. R. Co.* v. *Napa County*, 30 Cal. 435.)

By the words *legal interest* found in a statute, is to be understood the rate per cent interest prescribed by law, in the absence of special agreement, at the date of the passage of the Act; and this was ten per cent per annum on the 31st day of March, 1866.

We are clearly of opinion, therefore, that the Act in ques-

tion is not in conflict with our State Constitution, but is valid, and must be obeyed.

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.

Upon a rehearing the Court made the following order:

The judgment of the District Court is modified, and the Court directed to enter a judgment directing a peremptory mandamus to issue requiring the Board of Supervisors of Amador County to levy and assess a special tax, according to the provisions of the Act of April 27th, 1855, entitled "An Act to provide for the ascertainment of the indebtedness of Calaveras County prior to the organization of Amador County, and to provide for the payment of that portion due from Amador County to the County of Calaveras," as amended by the Act of March 31st, 1866, entitled "An Act to authorize and provide for the payment by the County of Amador to the County of Calaveras, or its assigns, of interest on certain indebtedness due from the County of Amador to the County of Calaveras," to create a special fund, as in said Act provided, and that the same be continued until said warrant and interest, as provided in said Act of March 31st, 1866, shall be fully paid as required by said Act; the costs of appeal to be allowed the appellant. Remittitur to issue forthwith.