Doty v. Ellsbree.

---

EMMETT DOTY, *et al.*, v. N. P. ELLSBREE.

1. COUNTY COMMISSIONERS; *Power to Borrow Money.* County commissioners have power, after a vote of the people in favor thereof, to borrow money to meet the current expenses of the county in case of a deficit in the county revenue, and to issue the bonds of the county therefor.

2. PUBLIC FUNDS; *Purpose; Cannot be Diverted.* County funds raised for a specific purpose cannot be diverted by the treasurer to any other purpose.

3. MUNICIPAL BONDS—*Surrender for Cancellation.* It is proper and desirable for all courts to require the surrender to the clerk of the court, and the cancellation by him, of all municipal paper before the entry of judgment thereon, and thus prevent any imposition on innocent purchasers.

*Error from Labette District Court.*

ACTION by *Ellsbree* as plaintiff against Emmett Doty, J. F. Waskey, F. P. Waskey, J. W. Weir, Wm. Herbaugh and J. C. Petty, the sureties on the official bond of H. C. Bridgman of Labette county. The averments of the petition are sufficiently stated in the opinion of the court. The defendants demurred. The district court, at the March Term 1872, overruled the demurrer; and from the order overruling said demurrer defendants appeal, and bring the case here by petition in error.

*F. A. Bettis,* for plaintiffs in error:

1. The petition in the court below did not disclose a cause of action against plaintiffs in error. Their liability is that of surety upon the official bond of a county treasurer. If the acts or neglects of Bridgman, complained of in the petition, did not appertain to his office, they of course were not liable. What authority had the county commissioners to fund the outstanding indebtedness? The county commissioners are public agents, and as such have no authority, except as given by *the letter* of the law: *Floyd's Acceptances,* 7 Wallace, 666; *Marsh v. Fulton Co.,* 10 id., 676; *Clark v. Des Moines,* 19 Iowa, 199–210; *Treadwell v. Comm'rs,* 11 Ohio St., 183; *U. S. v. City Bank of Columbus,* 21 Howard, 356. The financial authority of the county board as given by statute, does not include the power to submit to the people the question, or to make the order set out in the petition. Their powers are found in full in art. 2, ch. 25, Gen. Stat., and do not extend to the case in point. Indeed, so far from authorizing or even permitting the funding of "outstanding indebtedness," it is made a penal offense to issue warrants to a greater amount than the sum of the tax levy of the current year. Gen. Stat., 295, §1. Hence in the view of the law "outstanding indebtedness" is impossible. Therefore, if the bonds were issued and sold without authority, the ownership of the money paid therefor was not changed, and if paid into

Bridgman's hands, he was a mere private bailee, and of course his official sureties are not liable for his acts as such. "Mandamus will not lie to compel a bailee holding funds as a private individual to execute the terms of the bailment." *Ellsbree v. Bridgman*, 8 Kas., 458. The complaint in that case presented the identical facts set forth in this petition.

2. The basis of the claim in Ellsbree's petition is, that the commissioners raised certain funds, placed them in the treasurer's hands, and ordered him to pay certain designated orders therewith. The petition does not negative that Bridgman has paid out the entire fund in the redemption of county warrants, but seeks inferentially to negative that he had paid out the entire fund in the redemption of warrants of a certain date. The law appropriates county funds to their legitimate purpose, and the commissioners may not appropriate county funds to the payment of any particular orders. Nor can the county treasurer do so; but on the contrary, it is made his positive duty to pay warrants in the order of their presentation. Until negatived, at least by averment, the presumption is that the funds had been paid out on orders presented prior to Ellsbree's.

3. The warrants alleged to be held by Ellsbree are not tendered for cancellation. He cannot have both the warrants and a judgment against the treasurer's sureties for their value.

*A. H. Ayres*, for defendant in error:

1. The petition alleges that the county commissioners provided money, and placed it in the hands of the county treasurer, as such, who, as such, received the same, for the payment of the county debt of August 1, 1870; that Ellsbree holds parcel of that debt, evidenced by county orders or warrants; that after the receipt of the money by the treasurer, the warrants were presented or tendered by Ellsbree to the treasurer, and payment demanded, and he refused to pay. The liability of the treasurer in the action is not questioned, but it is urged that the sureties cannot be reached, because the money was irregularly raised. The invalidity of the bonds, on which

the fund was raised, is not of importance in this action. The treasurer actually received the money, and the right of the county therein has never been overruled by title paramount, nor questioned by the holders of the bonds. 16 N. Y., 582, 588. The fund, having palpably been paid to and received and held by Bridgman as treasurer, if the holders of the bonds have a remedy for their money paid, it is against the county, which, in terms, authorized the agent to receive it. The agent will therefore be justified to his principal, in paying the claim in suit, and cannot be made to respond again. It is not for the treasurer or his sureties to champion the rights of the holders of the bonds, and thus make the fund a god-send to themselves.

The opinion of the court was delivered by

BREWER, J.: The defendant in error brought his action on the bond of the county treasurer of Labette county. The sureties demurred. The demurrer was overruled, and they now allege error. The petition alleged ownership of certain county warrants bearing date prior to August 1st 1870; that the county commissioners submitted to the voters the question of issuing bonds to pay off the warrants and orders due Aug. 1st 1870; that the vote was in favor of the issue; that the bonds were issued, negotiated, and the proceeds placed in the hands of the county treasurer; that the amount was sufficient to pay off this entire indebtedness; that after the money was so placed in the treasurer's hands these warrants of plaintiff's were presented for payment and payment refused. The sureties, plaintiffs in error, claim that the commissioners had no power thus to fund the county indebtedness; that the bonds were void; that hence, "the ownership of the money paid thereon was not changed, and if paid into Bridgman's (the treasurer's) hands he was a mere private bailee, and of course his sureties were not liable for his acts as such." This claim is not tenable. The commissioners are, it is true, agents with limited powers, but they have express statutory authority to borrow money "to meet the current expenses of the county

in case of a deficit in the county revenue." Gen. Stat., ch. 25, § 16, clause 4. True, they cannot borrow without first submitting the question to a vote of the people of the county : Gen. Stat., ch. 25, § 17. But that was done in this case, so that they were authorized to borrow money to make good the deficit in the county revenue. And power to borrow money carries with it the power to issue the ordinary evidences and security of a loan, and among them are county bonds. *Commonwealth, ex rel., v. The Council of Pittsburg*, 41 Penn. St., 278. Counsel claims that there cannot legally be any such thing as outstanding indebtedness to be funded, because by § 1 on page 295 of the General Statutes the commissioners are restrained from issuing warrants in excess of the levy, less the amount for delinquency. This is all true; but as the warrants issue before the taxes are payable, suppose no one pays any taxes: then the warrants which were legally issued will be outstanding, and the treasury empty. For all the record shows that was partially at least the case here. We think therefore that so far as appears from the record the bonds were valid, and the money received from their sale, county funds, and properly in the hands of the treasurer, and secured by his official bond. Again, it is urged that if county funds they could be used to pay off any county indebtedness, and it is not averred that they were not so used. This is not true. County funds raised for a specific purpose can be appropriated by the treasurer only for that purpose. The money was borrowed to pay off certain indebtedness. The treasurer could not divert the funds from that purpose without rendering himself and sureties liable to the holders of that indebtedness. Again, it is said that the warrants are not tendered for cancellation. It is unnecessary to make a formal tender of them in the petition, any more than it would be of a note upon which the plaintiff sued. We would suggest however that it is proper and desirable for all courts to require the surrender to the clerk of the court, and the cancellation by him of all municipal paper before the entry of judgment thereon. This will prevent any imposition on innocent pur-

chasers. We see no error in the ruling of the district court, and its judgment will be affirmed.

All the Justices concurring.