GRAY *v*. MATHENY.

Opinion delivered December 10, 1898.

CONSTITUTIONAL LAW—DIVERSION OF TAXES—PARTIAL INVALIDITY OF ACT.
  Although the act of 1895 fixing the salaries of officers of Independ-
  ence county, in so far as it requires the amount of the county treasu-
  rer's commissions on the various funds in excess of his salary of $800
  to be covered into the general revenue fund (Acts 1895, p. 69, § 7), is
  in conflict with art. 16, § 11 of the constitution which provides that
  "no moneys arising from a tax levied for one purpose shall be used for
  any other purpose," so much of the act as is invalid may be disregarded,
  and the act be left complete without it.   (Page 39.)

Appeal from Independence Circuit Court.

RICHARD. H. POWELL, Judge.

STATEMENT BY THE COURT.

Appellee filed his report as follows:

                                        October 1, 1896.

Report of E. F. Matheney, Treasurer of Independence
County.

To the Honorable County Court of Independence County:

Amount of commissions received for quarter ending October
1, 1895:

|  |  |  |
|---|---:|---:|
| Com. on poll tax | $  2 | 00 |
| Com. on B. & R. |  | 01 |
| Com. on individual |  | 60 |
| Com. on pauper |  | 04 |
| Com. on county general | 25 | 00 |
|  | $28 | 47 |
| For quarter ending Jan. 1, 1896.. | 26 | 13 |
| For quarter ending April 1, 1896. | 116 | 53 |
| For quarter ending July 1, 1896.. | 592 | 43 |
| Com. received from other funds for month of October, 1896 | 144 | 14 |
| Total | $906 | 70 |

This report is for the year ending October 31, 1896.

                          E. F. MATHENEY, Treasurer.

Subscribed and sworn to before me this 5th day of November, 1896.                    G. W. Young, Clerk.

Appellant filed in the county court the following petition, to-wit: "In the matter of the report of E. F. Matheny, county treasurer, and of the commissions received. The undersigned, a citizen and taxpayer of Independence county, would respectfully state that said treasurer, in his report, filed for the year ending October 31, 1896, at the October adjourned term of said court, shows that he collected from the commissions of said office the sum of $906, and that he has retained the same, when by law he is entitled only to the sum of $800 of the same; that said treasurer has not paid any part of the sum that exceeds his salary, to-wit, $106, into the county treasury, as by law he is required to do, but has retained the same to himself. Wherefore your petitioner prays that the court make an order requiring him, the said treasurer, to pay over the said sum, and file the treasurer's receipt, as he is required and duty bound to do. Respectfully, A. G. Gray."

The decision of the county and of the circuit court was adverse to the appellant and he prosecutes this appeal.

*J. W. Butler*, for appellees.

The office of county treasurer being a constitutional one, the legislature has no power to pass a law which so far reduces the salary as to practically abolish the office. 61 Ark. 21; 64 Ark. 515. The act, so far relates to the treasurer, is in conflict with section 10 of the constitution.

*F. D. Fulkerson*, for appellants.

In construing the act under consideration [Act March 3, 1895], the meaning must be gathered from the whole act, and such a construction given as will render its several provisions consistent and effective. 31 Ark. 119; 40 Ark. 431; 3 Ark. 385; 28 Ark. 203. Laws are to be construed according to their spirit, and not their letter. 29 Ark. 356; 28 Ark. 203. All doubts as to the constitutionality of a statute are resolved in its favor. 39 Ark. 355; 32 Ark. 131; 11 Ark. 481; 56 Ark. 495; 59 Ark. 513; 58 Ark. 407; 36 Ark. 171. If necessary, the act being divisible, the provision as to the quarterly

payments can be stricken out, and still the act will stand. 37 Ark. 356; 46 Ark. 312; 53 Ark. 490. But the act is valid. 61 Ark. 21; 64 Ark. 515—construing Act of March 20, 1893.

WOOD, J., (after stating the facts.) The legislature of 1895 passed an act entitled "An act to fix the fees and salaries of the county officers of Independence county." So much of the act as is necessary to consider in the decision of the present suit is as follows:

"Sec. 2. * * * The fees and emoluments of the treasurer of Independence county, Arkansas, shall not exceed the sum of eight hundred dollars per annum, and out of such sum he shall pay such deputies and assistants as may be required to discharge the duties of said office; * * * *Provided, further*, that nothing in this act shall be so construed as to give any officer more than the fees and emoluments arising from his respective office.

"Sec. 3. That it shall be the duty of * * *· the treasurer of Independence county, Arkansas, to charge and collect the same fees as are now allowed by law, * * * and they shall each, on the first day of the regular term of the Independence county court of Arkansas, file a report in said court showing the amount of all fees and commissions collected by them, respectively, and make settlement with said county court by paying in all amounts in excess of the amounts of salary due each one of them to that date into the county treasury of said county, and file the treasurer's receipt therefor, as a voucher in said settlement, and in such settlement said officers, as aforesaid shall be chargeable and liable for all fees and commissions that it was the duty of said officers to charge and collect, whether the same was collected or not.

"Sec. 4. That at each and every settlement made by an officer of Independence county, as aforesaid, he shall pay over to the treasurer of said county, in kind, the funds received by him in excess of his salary, and shall file his affidavit with the county court of said county that said settlement is true, just and correct, that he has faithfully performed his duty as prescribed in this act."

(Sec. 5 requires the keeping of a public record of fees and commissions by each officer.)

"Sec. 6. That if any of said officers of Independence county, Arkansas, shall fail to make his settlement with the county court of said county, or to pay the excess into the county treasury of said county, at each term of the court, as above required, unless for good cause such settlement be continued by order of the court, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof in the circuit court, shall be fined in any sum not less than one hundred dollars nor more than one thousand dollars, and be removed from his office.

"Sec. 7. That all moneys paid into the treasury arising from said fees and commissions in Independence county, Arkansas, shall be covered into the general revenue of the county."

What we have said in *Independence County* v. *Young, ante p.* 30, is decisive of this case. There is this difference, however, in the case of the treasurer. He receives fees or commissions on funds paid into the treasury derived from taxation. Section 11, art. 16, of the constitution of Arkansas provides:. * * * "and no moneys arising from a tax levied for one purpose shall be used for any other purpose." Section 4 of the special act under consideration requires the officers to pay over in kind the funds received by them in excess of their salaries. We are of the opinion that section 7 of the act is obnoxious to the above provision of the constitution, in so far as it requires the excess over the treasurer's salary of eight hundred dollars, to be covered into the general revenue fund of the county. The excess of funds in the hands of the treasurer over his salary belongs to the county, and goes to the respective funds for which the tax was levied and collected. This provision, however, as it relates to the treasurer, may be stricken out, and the act be left complete without it. *State* v. *Marsh*, 37 Ark. 357; *Little Rock & F. S. Ry.* v. *Worthen*, 46 Ark. 312; *State* v. *Deschamp*, 53 Ark. 490; *Cribbs* v. *Benedict*, 64 Ark. 555.

Reversed and remanded for further proceedings not inconsistent with this opinion.