[Civ. No. 3104.    Third Appellate District.—April 10, 1926.]

## CALIFORNIA HIGHWAY COMMISSION, Petitioner, v. T. H. BALLARD, Respondent.

[1] COUNTY HIGHWAY COMMISSION ACT—SCOPE AND PURPOSE OF ACT. The County Highway Commission Act (Stats. 1907, p. 666) is a special act dealing with the construction of highways and the issuance of bonds by the several counties of the state.

[2] ID.—ISSUANCE OF BONDS—ELECTIONS—SUPERVISORS—JURISDICTION. The various provisions of the County Highway Commission Act of 1907, preceding the power given under section 7 of the act to the board of supervisors to call an election for the issuance of bonds, set forth the procedure necessary to be taken, the purposes for which the bonds are to be issued and constitute the jurisdictional basis upon which the bond issue must rest, and these purposes cannot be changed.

[3] ID.—IMPROVEMENT OF HIGHWAYS—TRANSFER OF FUNDS—MANDAMUS.—A petition in a proceeding in *mandamus* to require a county auditor to draw a warrant for the transfer of money from the county highway improvement fund to the state treasury, for use by the state Highway Commission for the improvement of a certain highway in said county, in accordance with a resolution of the board of supervisors of the county drafted and adopted in conformity with subdivision d of section 365h of the Political Code, as amended in 1925 (Stats. 1925, p. 385), which failed to show that the money was to be used for a purpose voted by the electors of the county as required by the County Highway Commission Act, was insufficient to show that the money was proposed to be used for the same purposes by the state Highway Commission as voted by said electors, but left the kind of improvement

wholly to the mutual agreement of the state Highway Commission and the governing board of the county or road district.

[4] ID.—SPECIAL FUND FOR PARTICULAR PURPOSE—USE FOR DIFFERENT PURPOSE.—Where a special fund is raised for a particular purpose by special taxes, bond issue, or the like, it cannot be used for a different purpose.

[5] ID.—PAYMENT OF FUNDS INTO STATE TREASURY—SUBDIVISION D, SECTION 365H, POLITICAL CODE—CONTRACTS—CONSTITUTIONAL LAW. Subdivision d of section 365h of the Political Code, as amended in 1925 (Stats. 1925, p. 385), authorizing the governing board of a county to pay into the state treasury any bonds under its jurisdiction subject to use for road purposes, created by tax levy or issuance of bonds, if applied to proceedings under the County Highway Act of 1907 is not unconstitutional as violating the contract with the voters approving the issuance of bonds, in changing the personnel of the officers, or changing the officers by whom the money is to be expended.

[6] ID.—AMENDMENTS — TRANSFER OF FUNDS — STATUTORY CONSTRUCTION.—The proviso found in subdivision d of section 365h of the Political Code, as amended in 1925, to the effect that the governing board of any county, etc., "may pay into the state treasury as provided herein, for the purposes hereof, any funds under its jurisdiction and control subject to use for bridge, road or boulevard purposes, created by tax levy or issuance of bonds of any such political subdivision or otherwise," does not amend by implication the County Highway Act of 1907, which specifically deals with the construction of highways by counties; and where a bond issue was voted by a county under the County Highway Act to raise money for the improvement of highways in the county, the Highway Commission appointed by the supervisors, pursuant to the provisions of the act, or the board of supervisors have no authority, under subdivision d of section 365h of the Political Code, to order the transfer of a portion of the funds so raised by said bond issue to the state Highway Commission for the purpose of having the latter construct or improve a county highway.

[7] STATUTES—REPEAL BY IMPLICATION.—Repeals by implication are not favored.

[8] COUNTY HIGHWAY COMMISSION ACT — SUBDIVISION D, SECTION 365H, POLITICAL CODE—CONFLICTING PROVISIONS—STATUTORY CONSTRUCTION.—The County Highway Commission Act of 1907 is a special act relating to the issuance of bonds and is complete in itself, while the proviso in amended subdivision d of section 365h

---

4.  Use of fund for purpose other than that of appropriation, see note in Ann. Cas. 1917B, 864.

7.  See 23 Cal. Jur. 694; 25 R. C. L. 918.

8.  See 23 Cal. Jur. 708.

of the Political Code is general in its terms, and they should be so construed as to maintain the integrity of both, but if there is an irreconcilable conflict, the special act prevails.

[9] ID.—TITLE OF ACT—DISPOSITION OF FUNDS—AMENDMENTS—RE-PEALS—STATUTORY CONSTRUCTION.—There is nothing in the title of the act of May 19, 1925 (Stats. 1925, p. 385); which calls attention to the fact that the legislature is providing for a different disposition of the funds raised by bond elections held under and in accordance with the County Highway Act of 1907, or that any amendment of that act is contemplated or that any officer is to be relieved of the duty and obligation to account for the expenditure of funds raised at such bond election, but the title of the act of May 19, 1925, expressly sets forth that the amendments contemplated refer to the powers and duties of the California Highway Commission, thus limiting the scope of the act, and under such conditions it cannot be held that the proviso found in subdivision d of section 365h of the Political Code, as amended in 1925, amends by implication the County Highway Act of 1907, specifically dealing with the construction of highways by counties.

[10] ID.—TRANSFER OF FUNDS—AUTHORITY OF AUDITOR—MANDAMUS.—In a proceeding in *mandamus* to require the auditor of a county to draw a warrant for the transfer of a sum of money from the county highway improvement fund to the state treasury for use by the California Highway Commission in improvement of a highway in said county, the fact that such transfer would financially benefit the county by enhancing general government aid does not justify the issuance of the writ, in the face of want of authority in the auditor to so act under the County Highway Act of 1907.

(1) 36 Cyc., p. 1008, n. 43.    (2) 15 C. J., p. 614, n. 79 New, p. 615, n. 15.    (3) 38 C. J., p. 868, n. 27.    (4) 29 C. J., p. 727, n. 80. (5) 12 C. J., p. 1007, n. 85.    (6) 36 Cyc., p. 1072, n. 29.    (7) 36 Cyc., p. 1071, n. 25.    (8) 36 Cyc., p. 1087, n. 92, p. 1093, n. 19.    (9) 36 Cyc., p. 1029, n. 29, p. 1031, n. 31, 32.    (10) 38 C. J., p. 601, n. 85, p. 763, n. 63.

PROCEEDING in Mandamus to require the Auditor of Modoc County to draw a warrant for the transfer of money from the county highway improvement fund to the California Highway Commission. Writ denied.

The facts are stated in the opinion of the court.

Paul F. Fratessa for Petitioner.

Reuel A. Laird for Respondent.

PLUMMER, J.—This cause is before us upon a petition filed by the California Highway Commission seeking a writ of mandate directing and commanding the respondent, T. H. Ballard, as the auditor of the county of Modoc, to draw his warrant upon a special fund of the county of Modoc, designated as the highway improvement fund of said county, for the transfer from said fund of the sum of $40,000 to be deposited in the proper funds of the state treasury, to be used by the California Highway Commission in improvement of a certain 3.7 miles of highway in the county of Modoc.

On the first day of July, 1919, an election was held in the county of Modoc, state of California, and at said election held pursuant to appropriate notices given therefor, the issuance of $400,000 in bonds for the improvement of highways in the county of Modoc was authorized. The election was held under and in pursuance of an act of the legislature, known as the County Highway Commission Act, approved March 19, 1907, and acts amendatory thereof (Stats. 1907, p. 666). Pursuant to said election the board of supervisors of the county of Modoc duly appointed T. A. Walls, H. B. Stephens, and A. G. Loomis highway commissioners of the county of Modoc for the purpose of constructing the roads for which the bonds were issued. The record also shows that pursuant to the election bonds were issued and sold in the said sum of $400,000 and out of the funds derived from the sale of said bonds there still remains in the highway improvement fund of the county of Modoc at least the sum of $40,000. The record also shows that in the proceedings leading up to the bond election it was specified that a portion of the money to be raised from the issuance and sale of said bonds should be expended in the improvement of the 3.7 miles of highway referred to in this action.

It further appears from the record that on or about the tenth day of September, 1925, the Highway Commission of the county of Modoc adopted a resolution addressed to the board of supervisors of the county of Modoc, wherein they recommended that the board of supervisors of the county of Modoc request and authorize the California Highway Commission to take over the improvement, realignment, and construction of the said 3.7 miles of highway, and also that the said board of supervisors deposit or cause to be deposited to

the credit of the California Highway Commission the sum of $40,000 derived from the sale of said bonds voted by the electors of Modoc County under the act of 1907, as above stated, transferring the same from the highway improvement fund of the county of Modoc to the treasury of the state of California, there to be deposited to the credit of the California Highway Commission, the same to be used by said Highway Commission in making the improvements contemplated on the said 3.7 miles of highway in Modoc County, returning the surplus, if any, to the county of Modoc; that on the same day, to wit, on the tenth day of September, 1925, the board of supervisors of the county of Modoc adopted a resolution purporting to transfer such funds in the following language, to wit: "And Be It Further Resolved, that the County of Modoc do deliver and deposit with said California Highway Commission the sum of $40,000.00 now derived from the sale of bonds voted by the electors of Modoc County under the Act approved March 19, 1907, above mentioned, to pay for the construction of said repairs and improvements and incidental expenses; the balance of said sum, if any, remaining after the completion of said repairs and improvements to be returned to Modoc County." That thereafter, and on the sixth day of January, 1926, the board of supervisors of the county of Modoc adopted a further resolution reciting the adoption of the resolution of September 10, 1925, and including therein the following: "Now Therefore Be It Resolved, in accordance with said resolution above referred to, that the Auditor of Modoc County, be and he is hereby authorized, empowered and directed to draw his warrant on the Treasurer of Modoc County payable to the California Highway Commission in the sum of $40,000.00, the same to be paid from funds derived from the sale of bonds under the Act above referred to, as provided for in said resolution adopted by this Board on the 10th day of September, 1925."

It further appears from the record that the auditor of Modoc County declined to make the transfer of funds as directed in the resolutions adopted by the board of supervisors on the ground that said transfer was unauthorized. This proceeding is prosecuted to compel the respondent, as auditor of the county of Modoc, to issue his warrant for the transfer of said funds.

The authority for said transfer is based upon the following language, which appears in subdivision d of section 365h of the act of the legislature approved May 19, 1925 (Stats. 1925, p. 385), to wit: "And, further, the governing board of any county, permanent road division, or road or boulevard district or division may pay into the state treasury, as provided herein, for the purposes hereof, any funds under its jurisdiction and control subject to use for bridge, road or boulevard purposes, created by tax levy or issuance of the bonds of any such political subdivision or otherwise."

[1] The act of 1907 providing for the improvement of highways and the issuance of bonds therefor by the several counties is a special act dealing with the construction of highways and the issuance of bonds by the several counties of the state. It provides first for the filing of a petition with the board of supervisors signed by at least ten per cent of freeholders who are electors of the county, praying for an election to determine the question of issuing bonds for the improvement of highways, etc.; that thereupon the board of supervisors may appoint a highway commission for the county. This highway commission is to consist of three members. What is meant by main highways is next defined in the statute. The act then specifies that immediately upon their appointment the commission shall proceed with all diligence to investigate the main public highways, determine which ones shall be improved by the issuance of bonds, the kind of improvements to be made thereon and the estimated cost thereof, also, to investigate carefully the question of laying out and constructing new public highways and to have a map showing said proposed new public highways and the kind of improvements to be made thereon, estimated costs, etc. The act further provides for the employment of a competent engineer or engineers, and other experts to make the necessary surveys and assist the commission in determining the best material to be used and the best manner of making such improvement and the cost thereof. After these preliminaries have been completed, the commission must report to the board of supervisors, setting forth the highways proposed to be improved, describing generally the kind of improvements to be made thereon and the estimated cost of the work to be done and the amount to be raised by bonds therefor, and praying the said board of supervisors

to call an election for the issuance of bonds of the county to defray the estimated costs. The statute then specifies that if this report is adopted the board of supervisors shall without delay call an election to determine whether bonds of the county shall be issued, and the amount recommended by the commission for the purposes stated in the report, said election to be called and held and bonds issued and sold in accordance with the provisions of law relating to the issuance, sale, and payment of county bonds. The act then provides that the proceeds of the sale of bonds shall be placed in a special fund to be known as the highway improvement fund of the county and shall be used solely for the purposes set forth in said report, also that no moneys shall be paid out of said funds except upon a warrant of the auditor of said county issued upon the order of the highway commission, duly allowed by the board of supervisors. Following these provisions the act contains a full and complete procedure of carrying on the improvement, giving of notices, letting of contracts, requiring of bonds for the faithful performance of contracts, that the improvements to be made shall be durable and further general provisions not necessary to be further specified herein.

Respondent contends that the part which we have quoted from subdivision d of section 365h of the act approved May 19, 1925, is unconstitutional and void as applied to any of the provisions of the County Highway Act of 1907, for the reason that the submission to the voters of the question of issuing bonds and the approval thereof by the elector carries into the proceedings all of the several provisions of the act of 1907, including the officers who may be entrusted with the expenditure of the moneys so voted as well as other provisions and constitutes a contract with the voters which cannot be changed, altered, or modified by any subsequent act of the legislature. Other constitutional questions have been considered which will be set forth later on in this opinion. Respondent also contends that the act of 1907 is special, is an act relating to a particular subject, and that it is not altered, amended, or changed by the general language found in the act of 1925, which we have hereinabove set forth. It is further objected that the legislature cannot by a later act change the terms or authorize the performance different than that provided for in the original act.

[2]   Section VI of the County Highway Act of 1907, as we have seen, provides that before the question of issuing bonds is submitted to the electors, the Highway Commission of the county must submit a report to the board of supervisors describing generally the kind of improvements to be made and the estimated cost thereof.   By the terms of section 7 of the same act the board of supervisors must base their call for a bond election upon the report of the Highway Commission and for the purposes therein specified. The various provisions of the sections of the act of 1907 preceding the power given to call an election for the issuance of bonds set forth the procedure necessary to be taken, the purposes for which the bonds are to be issued and constitute the jurisdictional basis upon which the bond issue must rest. These purposes, as we shall presently see, cannot be changed.

[3]   The petition filed in this matter sets forth that in accordance with the provisions of subdivision d of section 365h of the Political Code, as amended in 1925, the board of supervisors of Modoc County and the Highway Commission of Modoc County did request the California Highway Commission to accept the said sum of $40,000 and to deposit the same in the state treasury and to use and expend said funds so deposited for the construction of said 3.7 miles of road in Modoc County in accordance with the plans, specifications, and regulations for the construction, realignment, repair and improvement of said road as set forth in said proceeding for the sale of said bonds, etc.   This statement in the petition would be sufficient to show that the money is proposed to be used for the same purposes by the California Highway Commission as voted by the electors of Modoc County, were it not for the fact that immediately following this statement the petitioner sets forth the resolutions adopted both by the Highway Commission and the board of supervisors of the county of Modoc, which fails so to provide.   The resolution of the Highway Commission reads: ''That your Honorable Board request and authorize the California Highway Commission to cause such plans, specifications, estimates, surveys and maps to be prepared as may be necessary for the repair and improvement of said road, and that said Board further request and authorize said California Highway Commission to take full charge of said repairs and improvements, to call for bids, etc., to do all

things which the said California Highway Commission may deem necessary for the early and full completion of said repairs and improvements proposed to said road,'' etc. The resolution described the road as follows: ''Beginning where said survey leaves the present travelled road at Station 428+00 near what is known as the Surprise Valley Station, and continuing to the point where said survey enters the said present travelled road at Station 673+50 near what is known as the Bowers Ranch on Joseph Creek, in Modoc County, California, a total distance of 3.7 miles.'' The resolution adopted by the board of supervisors uses the same general language and leaves the question of the kind of improvement to be made wholly and entirely to the California Highway Commission. So far as the resolutions adopted by the county Highway Commission and the board of supervisors of the county of Modoc are concerned, there is nothing which indicates or requires the California Highway Commission to make the kind of improvement upon the road in question which constitutes the basis of the bond issue submitted to the voters of Modoc County. It may be true that the California Highway Commission would make the same kind of improvement, but there is nothing in the procedure taken requiring such to be done. These resolutions were undoubtedly drafted and adopted by the respective boards in conformity with the language of subdivision d of section 365h of the Political Code, as amended in 1925. Said subdivision empowers the Highway Commission to cause plans, specifications, and estimates to be prepared for the repair and improvement of highways, etc., and after providing for the acceptance of funds, further provides, ''and the California highway commission shall use and expend the funds so deposited for the construction of bridges, roads or boulevards situated within such political subdivision, in accordance with the plans and specifications and other terms as are mutually agreed upon by said commission, on behalf of the State of California, and such governing board.'' Whether the same kind of improvement shall be made as that submitted to the electors upon the bond election is an unmentioned matter and appears to be left wholly to the mutual agreement of the California Highway Commission and the governing board of the county or road district, as the case may be.

[4]    The law is well settled that where by special taxes, bond issue, or the like a special fund is raised for a particular purpose, it cannot be used for a different purpose. (Ann. Cas. 1917B, 868; *New Castle-upon-Tyne* v. *Atty. Gen.* [1892], App. Cas. (Eng.) 568; *Gray* v. *Matheny,* 66 Ark. 36 [48 S. W. 678]; *Jenkins* v. *Williams,* 14 Cal. App. 89 [111 Pac. 116]; *People* v. *Auditor,* 30 Ill. 434; *Cook County* v. *McCrea,* 93 Ill. 236; *Davis* v. *Muscatine County,* Morris (Iowa), 161; *Bradley* v. *Love,* 76 Iowa, 397 [41 N. W. 52]; *Doty* v. *Ellsbree,* 11 Kan. 209; *Adams* v. *Helms,* 95 Miss. 211 [48 South. 290]; *Pinetree Lumber Co.* v. *Fargo,* 12 N. D. 360 [96 N. W. 359]; *Red River Val. Nat. Bank* v. *Fargo,* 14 N. D. 88 [103 N. W. 390]; *State* v. *Mikkelson,* 24 N. D. 175 [139 N. W. 525]; *Dailey* v. *Board of Public Works,* 9 Ohio Dec. (Reprint) 118, 11 Cinc. L. Bul. 25; *Northup* v. *Hoyt,* 31 Or. 524 [49 Pac. 754]; *Wolff Chemical Co.* v. *Philadelphia,* 217 Pa. St. 215 [66 Atl. 344]; *State* v. *Cardozo,* 8 S. C. 71 [28 Am. Rep. 275]; *Kennedy* v. *Montgomery County,* 98 Tenn. 165 [38 S. W. 1075].)    To the same effect is the case of *O'Farrell* v. *County of Sonoma,* 189 Cal. 343, and cases cited on page 348 [208 Pac. 117].

[5]    The objection that the proviso found in subdivision d of section 365h of the Political Code, as amended in 1925, if applied to proceedings taken and had under the County Highway Act of 1907 would work a prohibited violation of contract by the constitution, in changing the personnel of the officers, or changing the officers by whom the money is to be expended, seems to us untenable.    The language of the supreme court, in deciding the case of *In re Wetmore,* 99 Cal. 146 [33 Pac. 769], is based upon this point.    The court there said: "The indebtedness is not to be incurred, nor are the bonds to be issued until after the voters of the municipality have so directed, but as it is the vote of the electors which determines that they shall be issued, it is immaterial to them what officers of the city carry out this vote."    The question there presented was as to what officers should carry out the purposes for which bonds of the city of Oakland were issued, the purpose being to erect certain school buildings.    So long as the school buildings were erected according to the provisions of the bond election, the purpose of the election would be accomplished, which was

the real contract, and the agency by which the work was to be carried on was an immaterial matter. The same principle was recognized in the case of *Collins* v. *Board of Supervisors,* 99 Cal. 17 [37 Am. St. Rep. 17, 21 L. R. A. 474, 33 Pac. 753]. See, also, *Blanding* v. *Barr,* 13 Cal. 343; *Creighton* v. *San Francisco,* 42 Cal. 446; *Beals* v. *Amador Co.,* 35 Cal. 624.

[6] We will next consider the objections which are fundamental in their character and do not affect merely the legal sufficiency of the proceedings had and taken by the various boards of the county of Modoc in attempting to make the transfer of funds. As we have seen, the act of 1907 deals with the special subject of the improvement of highways by the several counties of the state. A complete scheme for such improvement is contained within the various sections of the act covering the inception to the completion of both proceedings and the work contemplated. It sets forth how the legal machinery shall be set in operation, how the money shall be raised, how it shall be expended and the manner in which the expenditure of the money shall be accounted for, the requirement of security for the faithful expenditure of the money by the giving of bonds, etc. The words quoted from subdivision d of section 365h of the Political Code, as amended, and as well the entire wording of the section are general in terms and do not purport to be an amendment of any of the provisions and requirements of the County Highway Act of 1907. Again, the language of the act of 1907 is mandatory in most of its provisions and especially in all of its provisions affecting the issuance of bonds, the carrying on of the work, the expenditure of the money and accounting therefor. The proviso in subdivision d of section 365h of the Political Code, as amended in 1925, urged as authority for the transfer of said funds is purely permissive in its terms and does not purport to modify, amend, or repeal any of the provisions of the County Highway Act of 1907.

[7] It is only by implication that the proviso contained in the section referred to of the act of 1925 can be held to be a repeal or amendment or modification of any portion of the act of 1907, and we do not need to cite authorities supporting the rule that repeals by implication are not favored. [8] Again, as we have said, the act of 1907 is

a special act relating to the improvement of highways by the issuance of bonds and is complete in itself, while the proviso in the amended subdivision of section 365h of the Political Code is general in its terms. In such cases, the rule is that they should first, if possible, be so construed as to maintain the integrity of both, but if there is an irreconcilable conflict, the special act prevails. If there were not other valid objections, we think the proviso in the section of the Political Code referred to could be given effect as to money not raised in accordance with the provisions of the act of 1907. In the case of *People* v. *Pacific Imp. Co.*, 130 Cal. 442 [62 Pac. 739], in speaking of general and special acts, the court said: "Where a special and a general statute treat of the same subject, the special act will control as to its special provisions, and will not be deemed repealed by implication by a later general statute, although the terms of the general statute, taken strictly, would include the terms of the special statute, if they are not irreconcilably inconsistent, and if there is no manifest intention of the legislature to repeal or alter the special statute." It may be here stated that there is nothing in the act approved May 19, 1925, indicating an intention on the part of the legislature to repeal or amend any of the provisions of the County Highway Act of 1907. In the case of *Reed Orchard Co.* v. *Superior Court*, 19 Cal. App. 648 [128 Pac. 9, 18], in passing upon the subject of repeals by implication, this court quoted from the case of *People* v. *Pacific Imp. Co.*, supra, and followed the rule set forth by Commissioner Cooper, which we think applicable here: "It is the established rule of construction that the law does not favor a repeal by implication, but that where there are two or more provisions relating to the same subject matter they must, if possible, be construed so as to maintain the integrity of both. It is also the rule that where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject matter as far as coming within its particular provisions." Therein is quoted Judge Cooley (Cooley's Constitutional Limitations, 6th ed., 182), wherein

he said: ''The repugnancy between two statutes should be very clear to warrant a court holding that the one later in time repeals the other, when it does not in terms purport to do so. This rule has peculiar force in the case of laws of special and local application, which are never to be deemed repealed by general legislation, except upon the most unequivocal manifestation of intent to that effect.'' See, also, Lewis' Sutherland on Statutory Construction, 2d ed., sec. 274, and *Miller* v. *Engle*, 3 Cal. App. 330 [85 Pac. 159]. It is submitted that no intention was actually manifested by the legislature, in the said amendment of 1905, to repeal section 1254 or section 1257 of the Political Code, and in the light of the foregoing familiar rule of construction, it should be held that no repeal by implication was effected.

The same rule is adopted in the case of *Kohn* v. *Isensee*, 45 Cal. App. 531 [188 Pac. 279]. Section 24 of article IV of the state constitution requires that every act shall embrace but one subject, which shall be expressed in its title, etc., setting forth further that if part of an act is not embraced in the title, such act shall be held void only as to the part thereof not expressed in the title. [9] The title of the act of May, 1925, reads as follows: ''An act to amend section three hundred sixty-five c of the Political Code of the State of California and to add sections three hundred sixty-five d, three hundred sixty-five e, three hundred sixty-five f, three hundred sixty-five g, three hundred sixty-five h, three hundred sixty-five i, three hundred sixty-five j, three hundred sixty-five k, three hundred sixty-five l, three hundred sixty-five m, three hundred sixty-five n, three hundred sixty-five o and three hundred sixty-five p to the said code, all referring to the powers and duties of the California highway commission.'' There is nothing in the title relating to the Highway Act of 1907 purporting to be an amendment or repeal of any of the provisions thereof, nor is there anything in the title which we have just quoted referring to the powers and duties of boards of supervisors or governing board of any county, permanent road division, or road or boulevard district. There is nothing in the title which we have set forth which calls attention to the fact that the legislature is providing for a different disposition

of the funds raised by bond elections held under and in accordance with the County Highway Act of 1907, or that any amendment of that act is contemplated or that any officer is to be relieved of the duty and obligation to account for the expenditure of funds raised at such bond election. The title of the act of May 19, 1925, expressly sets forth that the amendments contemplated are all referring to the powers and duties of the California Highway Commission, thus limiting the scope of the act. Under such conditions we do not readily see how it can be held that the proviso found in subdivision d of section 365h of the Political Code, as amended in 1925, can be held to amend by implication the County Highway Act of 1907 specifically dealing with the construction of highways by counties. [10] That it would financially benefit the county of Modoc by enhancing general government aid, however commendable, does not justify the issuance of the writ in the face of want of authority which we have considered and the objections which we think valid.

The petition for the writ is denied.

Hart, J., and Finch, P. J., concurred.