[In Bank.—September 21, 1883.]

W. D. GRADY, PETITIONER, v. SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

HABEAS CORPUS—EFFECT OF DISCHARGE—CONTEMPT OF COURT.—After an order of a court on habeas corpus discharging a person under sentence of imprisonment for contempt of another court, he cannot be again imprisoned for the same contempt.

ID.—FINE—JUDGMENT.—When a person has been adjudged guilty of contempt, and the penalties of both fine and imprisonment have been imposed, his release from custody on habeas corpus does not affect the validity of the portion of the judgment imposing the fine.

APPLICATION for a writ to review the proceedings of the Superior Court of Fresno County.

The petitioner, having been adjudged guilty of contempt of court, was sentenced to pay a fine and to be imprisoned until the fine should be paid. On habeas corpus before the judge of the Superior Court of another county he was discharged from custody. The other facts appear in the opinion.

*W. D. Grady*, for Petitioner.

PER CURIAM.—It is admitted that the Superior Court had jurisdiction of the proceedings for contempt. That being the case, and the court having imposed a fine, it was competent for the court to enforce its collection by execution. (§ 1214, Pen. Code.)

As to that portion of the order adjudging the petitioner guilty of contempt, which directed that imprisonment should be used as a means of collecting the fine imposed, it is sufficient to say that section 1487 of the Penal Code makes it the duty of the court or judges to whom a writ of habeas corpus is returned, in case it shall appear that the petitioner is in custody by virtue of process from any court, judge, or officer, and that the jurisdiction of such court, judge, or officer, was exceeded in adjudging that the petitioner should be imprisoned, to discharge the petitioner. Section 1496 of the same Code declares that no person who has been discharged by the order of a court or judge on habeas corpus can be again imprisoned, restrained, or kept in custody for the same cause, except in certain specified cases, of which the present is not one. We think that the adjudication of the superior judge on habeas corpus that the judgment of the court, in adjudging that the petitioner be imprisoned, was in excess of its jurisdiction (upon which followed the consequence that the petitioner could not again be imprisoned for the same contempt), was in effect an adjudication (which the judge on habeas corpus had full power to make) that the portion of the contempt judgment which provided for such imprisonment was null and void. This leaves the judgment of the Superior Court in the contempt proceeding as imposing a fine only, and places the case within section 1214 of the Penal Code.

We wish it to be distinctly understood that we express no opinion with respect to the correctness of the judgment of the superior judge on habeas corpus. His view of the law is not authority binding upon any other judge or court should the same question arise in another case upon the same or similar facts.

The application for a writ of review is denied, and the order to show cause is discharged.

THORNTON, J., and SHARPSTEIN, J., expressed no opinion.