[S. F. No. 2833.   In Bank. — October 10, 1901.]

CHARLOTTE A. LEWIS, Administratrix, etc., Petitioner, v. FRANK H. DUNNE, Judge of the Superior Court, etc., Respondent.

REVISION OF CODE — CONSTITUTIONAL LAW — IMPROPER ENACTMENT — INSUFFICIENT TITLE. — The act of March 8, 1901 (Stats. 1901, p. 117), entitled " An act to revise the Code of Civil Procedure of the state of California, by amending certain sections, repealing others, and adding certain new sections," is unconstitutional and void, both because the law revised was not re-enacted and published at length as revised, and because it does not embrace but one subject, expressed in its title, as required by section 24 of article IV of the state constitution. The mere reference to the Code of Civil Procedure does not express any subject.

PETITION for writ of *mandamus* to a Judge of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

W. B. Bosley, John S. Drum, J. R. Pringle, Stafford & Stafford, and D. C. Deasy, for Petitioner.

John S. Partridge, for Respondent.

A. C. Freeman, George J. Denis, and W. C. Van Fleet, *amici curiæ*, also for Respondent.

McFARLAND, J.—This is an original· petition here for a writ of *mandamus*. An alternative writ was issued, and upon answer of respondent and argument of counsel the cause was submitted. Whether or not the writ should be made absolute depends upon the constitutionality of a certain act of the legislature approved March 8, 1901. If the act is constitutional, then the writ should be denied; if not, then it should issue. Several other cases involving the same questions have been submitted, and the decision in this case will be determinative of the others.

Petitioner contends that the act in question is void because violative of the following parts of section 24 of article IV of the state constitution: "Every act shall embrace but one subject, which subject shall be expressed in its title. . . . No law shall

be revised or amended by reference to its title; but in such case the act revised or section amended shall be re-enacted and published at length as revised or amended."

The title of the act in question (Stats. 1901, p. 117) is as follows: "An act to revise the Code of Civil Procedure of the state of California, by amending certain sections, repealing others, and adding certain new sections."

The said Code of Civil Procedure was not "re-enacted and published at length as revised."

The first impression made upon the ordinary mind by a comparison of these constitutional provisions with the title and body of the act is, that in the latter there is a clear failure to comply with the former. It seems as though the mind of either layman or lawyer might accept with safety the construction which, at first blush at least, is so obvious, and we do not think that the reasoning of counsel for respondent, or authorities cited, overcome this obvious view, or rightly lead to an opposite conclusion.

1. Petitioner contends that both the title and the body of the act show that it was intended to be, and is, a revision of the code, and that therefore it is invalid, because the law revised was not "re-enacted and published at length as revised"; and we see no sufficient answer to this contention. It is said that the title does not express a revision, because the language used is, "to revise, *by* amending certain sections, repealing others, and adding certain new sections." But how could there be a revision of a sectionized code in any way other than by amending and repealing sections and adding new ones? With respect to this phase of the case, the words, "by amending," etc., are mere surplusage; the title would be substantially the same if the words "to revise" stood alone. And when we look at the body of the act we see clearly that it is a revision. It covers one hundred and fifty pages of the published statutes of 1901; it amends over four hundred sections; it repeals nearly one hundred sections; it changes the numbers of other sections; it adds a great many new sections; and it contains this clause, "Certain title and chapter headings of the said Code of Civil Procedure are hereby inserted, changed, and amended, as hereinafter provided," and then follow several pages of insertions, changes, and amendments of such headings. If this is not a revision, then it would be difficult to state what would constitute a revision. Moreover, prior legislation on the subject

shows that the act in question was the natural result of a purpose to revise. The preamble to the act states that by a certain act a commission had been appointed "for the revision and reforming of the law," and, among other things, "of the Code of Civil Procedure"; and it recites, "That whereas said commission did theretofore, in pursuance of said act, file with the secretary of state a report recommending, among other things, *a revision* of the Code of Civil Procedure; now, therefore, in view of said recommendation, for the *purpose of revising* said code, the people of the state . . . do enact as follows." In view of all these considerations, we are forced to the conclusion that the act is a revision, and void for want of re-enactment and publication at large of the revised law, as contended by petitioner.

2. But if the invalidity of the act for the reason above given could by any recondite, indirect, and abstruse reasoning be explained away, it is just as clear that the act is void for want of compliance with the other constitutional provisions, that "every act shall have but one subject, which subject shall be expressed in its title." It is apparent that the language of the title of the act in question, in and of itself, expresses no subject whatever. No one could tell from the title alone what subject of legislation was dealt with in the body of the act; such subject, so far as the title of the act informs us, might have been entirely different from anything to be found in the act itself. This, of course, would be admitted, except for the claim that although the title does not, as an independent instrument, express any subject, yet it does so by "reference."

It may be conceded that where the title of an act clearly expresses a definite subject, then the title of an act amendatory thereof may be helped out by reference to the title of the original act,—the title of the original act, which does express a subject, being incorporated into and published as part of the title of the amendatory act. But, in the case at bar, how does the reference in the title help its failure to otherwise express the subject? The reference is, really, not to the title of any former act; it is merely to "the Code of Civil Procedure of the state of California." Now, what is the Code of Civil Procedure? It is merely a name given to a large part of the general laws of the state. The part of the great body of our laws which is to be found under that name is not confined to any particular subject or subjects, but includes substantive law, criminal law,

and legislation, that might be properly classed under any category whatever,—as well as "civil procedure." Nearly all of our general laws are arranged, for convenience, under four main headings, or names,—to wit, the Civil Code, the Code of Civil Procedure, the Penal Code, and the Political Code,—but no one of these codes is complete in itself; legislation under either code is inseparably interwoven with legislation under the others; and legislation upon any imaginable subject would not be held invalid because found in any particular code. In *Enos* v. *Snyder*, 131 Cal. 68,[1] it was contended that a certain provision of law did not affect rights involved in a civil proceeding, because found in the Penal Code, but this court said: "The position is not tenable. We have here a code system which is, for convenience and partial classification, divided into four codes, to each of which a name is given; but they are inseparably interwoven, and no one of them is complete in itself, or absolutely confined to a particular subject. Therefore, clear enactments of substantive law establishing rights— like section 294—are not to be held inoperative because found in any particular code." It was also said in that case,—touching the provision in the Penal Code for the recovery of certain expenses in a civil action,—"It would hardly be contended that the provision about liability in a 'civil action' is inoperative because found in the Penal Code." How, then, can it be rightly said that a mere reference in the title of an act to the Code of Civil Procedure—or to any other code—expresses any subject? If so, what subject? If the reference had been merely to "civil procedure,"—if it had been "an act concerning civil procedure,"—it is doubtful if it would have been in accordance with the clear intent of the constitution as to *one subject.* There is no definition, in our laws, of "procedure," nor can any satisfactory definition of it be found in the general authorities. For instance, some authorities hold that the law of evidence is part of the law of procedure, and others that it is not; and assuming that the former authorities are correct, could it be safely said that "pleading"—which is certainly a part of procedure—and "evidence" are not two different subjects, within the meaning of the constitution? In all the books of the law, pleading and evidence are uniformly treated as two entirely distinct subjects. But, as before stated, the title merely refers

---

[1] 82 Am. St. Rep. 330.

to one of our codes, and, considering the multifarious character of the codes, it expresses no subject whatever. It does not even refer to a single section which is to be amended or repealed; and as to the "new sections," it does not give the slightest intimation as to what they are to contain, or what subject they are to deal with. And, according to respondent's contention, these new sections need not deal with anything formerly in the code; in addition to being new sections, they could include new subjects. When we look into the body of the act, we see that it deals with a vast variety of subjects, many of which are totally distinct from each other; and many of them have no relation to civil procedure, while others are partly procedure and partly substantive law,—declarations as to personal and property rights. And as the body of the act embraces more than one subject, it is for that reason invalid; for there is no field here for the play of the principle that a provision, the subject of which is expressed in the title, may be good, although another, not so expressed, be bad, where the two are not inseparably connected; because it would be vain to inquire which of several subjects is expressed in a title which expresses no subject whatever.

We cannot agree with the contention of some of respondent's counsel — apparently to some extent countenanced by a few authorities—that the provision of the constitution in question can be entirely avoided by the simple device of putting into the title of an act words which denote a subject "broad" enough to cover everything. Under that view, the title, "An act concerning the laws of the state," would be good, and the convention and people who framed and adopted the constitution would be convicted of the folly of elaborately constructing a grave constitutional limitation of legislative power upon a most important subject, which the legislature could at once circumvent by a mere verbal trick. The word "subject" is used in the constitution in its ordinary sense; and when it says that an act shall embrace but "one subject," it necessarily implies—what everybody knows — that there are numerous subjects of legislation, and declares that only one of these subjects shall be embraced in any one act. All subjects cannot be conjured into one subject by the mere magic of a word in a title. As to this point, the supreme court of New Jersey, in *Rader* v. *Township of Union*, 39 N. J. L. 515, well says: "It is true that it may be difficult to indicate by a formula how specialized the

title of a statute must be; but it is not difficult to conclude that it must mean something in the way of being a notice of what is doing. Unless it does this, it can answer no useful end. It is not enough that it embraces the legislative purpose —it must express it; and where the title is too general, it will accomplish the former, but not the latter. Thus a law entitled 'An act for a certain purpose' would embrace any subject, but would express none; and consequently it would not stand the constitutional test." There is a good deal of discussion, in the briefs, of the supposed reasons for the constitutional provision in question,—the evils which it was intended to remedy, etc., —but whatever considerations led up to its adoption, it is clear that its direct and immediate purpose was, that the title should, on its face, give at least some sort of information as to what the proposed act was about. This the title in question does not do.

. We do not deem it necessary to notice in detail the authorities cited by counsel. As to those from other jurisdictions cited by counsel for respondent, it is to be observed that they were decided under state constitutions in which there was no such provision as that contained in section 22 of article I of the present constitution of California adopted in 1879,—namely, "The provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise." The constitution of this state of 1849 had a provision as to the title and subject of acts similar to said section 24 of article IV, but from an early date it was construed to be merely directory ( *Washington* v. *Page*, 4 Cal. 388); and the purpose of said section 22 of article I was evidently to prevent such construction in the future. The declaration that all the provisions of the constitution are mandatory and prohibitory "applies to all sections alike." ( *Ewing* v. *Oroville Mining Co.*, 56 Cal. 654, 655.) The distinction between a constitution which contains this provision and those which do not is noticed by Mr. Justice Ross, in delivering the opinion of the court in *Earle* v. *San Francisco Board of Education*, 55 Cal. 491. After referring to the contention that the question there involved had been decided in a certain way in other states, he says: "It is true that it has been so decided, but under constitutions not containing a declaration that its provisions are 'mandatory and prohibitory, unless by express words they are declared to be otherwise,' as does the present constitution of this state." And in

connection with the claim that the section of the constitution involved in this case should be liberally construed,—and it certainly should be construed with reasonable liberality,—it is well to quote these other words of the opinion in the same case: "To maintain the constitution as it is, is our first duty, and whenever it is encroached upon, we are bound to maintain its supremacy." In many of the state constitutions the clause concerning the title and subject of statutes differs materially from section 24 of article IV of our constitution. And in most of the cases cited by respondent from other states the title sustained referred, at least, to one subject, although the subject was somewhat general. The most extreme cases were those where the title was to establish a particular kind of code relating to one general subject,—as, for instance, "An act to establish a probate code." Whether or not an act "to establish a code of civil procedure"—and confined in its body to civil procedure alone—could be validly passed under our present constitution, is a question not here before us. The question in the case at bar is, whether or not the title of an act passed under the present constitution, which merely refers to a part of the body of the general laws of the state, that is not confined to any subject whatever, expresses the subject of the proposed act, within the meaning of the constitution.

But the authorities in other states, and under constitutions which do not contain the mandatory and prohibitory provisions, are not, by any means, uniform on this question. For instance, in *People* v. *Hills*, 35 N. Y. 449, the question was, whether the title, "An act to amend chapter 389 of the laws of 1851," was valid, under a constitutional provision that no private or local bill "shall embrace more than one subject, and that shall be expressed in the title," and it was held that it was not. The court said: "The provision of the constitution of this state in reference to this matter is very plain and simple, and easily understood." The "chapter" mentioned in the title contained 293 sections, and the body of the act showed that its purpose was to make an important amendment to section 290, and the court said: "The act under consideration does not indicate from its title what particular part of the section of the act of 1851 is amended, or any reference or indication of the subject-matter of the amendment." The court further said: "The next inquiry is, Is the substance of this act expressed in the title thereof? The statement of the question, and a reference

to the title, provide a conclusive answer. . . . From its title it might as well be supposed to refer to any one of the numerous topics embraced in the 293 sections of chapter 389 of the laws of 1851, as to the matter covered by the 290th section of that act. . . . To sanction such a procedure would be to override and nullify a plain, clear, and mandatory provision of the constitution." And then follows language quoted from a former opinion, as follows: "Nothing can be more dangerous to our free institutions, or to the rights of the people, than to encourage doubtful interpretation of the constitution, contrary to its more plain and natural import, as understood by the great body of the people. . . . It is very clear, to my mind, that the subject of this act is not expressed in its title, and it must therefore fall under the condemnation of this section of the constitution." (See also *People* v. *Supervisors*, 43 N. Y. 10; *People* v. *Denahy*, 20 Mich. 347; *Davis* v. *Fulton*, 21 Ga. 69; *Brooks* v. *People*, 14 Col. 413; *Rader* v. *Township of Union*, 39 N. J. L. 516; *Tingue* v. *Village of Port Chester*, 101 N. Y. 303; *Trumble* v. *Trumble*, 37 Neb. 341; *State* v. *Scholl*, 58 Kan. 507; *State* v. *Mitchell*, 17 Mont. 67; *Kedzie* v. *Ewington*, 54 Minn. 117.)

The decisions in California on this subject are not directly determinative of the question presented in the case at bar. The sufficiency of such a title as is here involved has never been presented to this court. *People* v. *Parvin*, 74 Cal. 549, is the only case here that can be at all insisted upon as supporting the respondent's contention. The title under consideration there was this: "An act to amend section 3481 of the Political Code." It referred to one single section, and named it. The almost universal custom of the legislature, in the numerous amendments which it has made to the codes, has been to put into the title of the amendatory act, after the number of the section, additional words expressing the subject of the act,— as, for instance, "relating to the writ of prohibition," "relating to the lien of mechanics and others," etc. In a very few instances—not more than two or three having been called to our attention—the additional explanatory words have been omitted, and one of these was involved in *People* v. *Parvin*, 74 Cal. 549. A bare majority of the court—two justices dissenting and one not participating—held that the title was sufficient; but if we accept the decision as sound, it goes no further than to hold that the title of an act amending a single

section of a code is sufficient, if it directly refers to the section and designates it by its number. It is not an authority for the sufficiency of such a title as is here involved, which refers to no section whatever, and it cannot be considered as determinative of the question involved here, which was not before the court in the facts of that case. On the other hand, in the opinions rendered in the following cases, although the cases themselves are not directly in point, the reasoning by which certain titles were held to be bad, and others good, points to the insufficiency of the title involved in the case at bar: *People* v. *Parks*, 58 Cal. 624; *Ex parte Liddell*, 93 Cal. 638; *Hellman* v. *Shoulters*, 114 Cal. 136; *People* v. *Mullender*, 132 Cal. 217.

Complaint is made that the rule as above stated would put the legislature to great inconvenience when it desired to make a great many amendments or indulge in a great deal of legislation at one session or at one time. That consideration could not, under any circumstances, destroy a constitutional provision. But—without impugning the wisdom of any provision of the act before us—it is quite apparent that the very purpose of the constitutional provision in question is to prevent the evils which might come from hasty, inconsiderate, or wholesale legislation. Statutes which cannot be enacted in the manner prescribed by the constitution should not be attempted. A scarcity of statutory laws, and want of facility for passing them, are not among the evils of the times.

Our conclusion is, that, for the reasons above stated, the said act of March 8, 1901, is unconstitutional, and void for all purposes, and is inoperative to change or in any way affect the law of the state as it stood immediately before the approval of said act.

Let the alternative writ be made absolute.

Henshaw, J., Van Dyke, J., Temple, J., Harrison, J., and Garoutte, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment, on the ground first discussed in the opinion of Justice McFarland. The act of 1901 is certainly a revision of the Code of Civil Procedure, and, as such, required to be re-enacted and republished at length, in order to satisfy the mandate of the constitution, but, in my opinion, it does not embrace more than one subject, and that subject is clearly expressed in its title.

The rules of procedure in civil cases constitute but a single and well-defined subject, and our present code, as adopted in 1872, with its subsequent amendments, embraces but few provisions not strictly germane to that subject. If it had been enacted since the adoption of our present constitution, it would have been entirely valid, except as to those few provisions. But it was valid in all particulars at the time of its enactment, and was not invalidated by the adoption of the new constitution, even as to such of its provisions as did not relate to the procedure in civil cases. The code itself therefore became and remains a subject, and a single subject, of legislation. An act to amend it or revise it deals with a single subject, and the title of such an act expresses the subject when it announces the purpose of the legislature to amend or revise the code. The authorities cited in the briefs of counsel fully sustain the proposition that an act entitled an act to amend any valid existing statute described by its title is sufficiently descriptive of the subject, and of the whole subject, embraced in such statute.

But conceding that an act to revise or amend our existing code would be invalid as to any particular provisions not germane to the subject of procedure in civil cases, the act would be in other respects free from objection; and no provisions of the act of 1901 have been called to our attention which deal with other subjects, and certainly the particular provision here in question does not.

For these reasons, thus briefly indicated, I dissent from the views of the court respecting the second objection to the act.

Rehearing denied.