[Crim. No. 1198. In Bank.—September 14; 1904.]

## THE PEOPLE, Respondent, v. GEORGE W. GALLANAR, Appellant.

CRIMINAL LAW—CONVICTION OF MANSLAUGHTER—APPEAL—STAY OF EXECUTION—CERTIFICATE OF PROBABLE CAUSE.—Though an appeal from a judgment of conviction of manslaughter does not stay execution without a certificate of probable cause for the appeal, yet the defendant is entitled to a stay of execution where his appeal is not clearly frivolous, and he is entitled to a certificate of probable cause as matter of right, if there is room for an honest difference of opinion as to the existence of any prejudicial error in the proceedings leading to the conviction.

ID.—DUTY OF TRIAL JUDGE.—If there is room for such difference of opinion, it is the duty of the trial judge to grant the certificate, notwithstanding his own opinion that the record is free from error. It is the plain duty of the trial judge to stay proceedings during the time of the preparation and settlement of a bill of exceptions, if proper diligence has been used in its preparation, and also during a reasonable time thereafter, to allow for notice of an application for a certificate of probable cause.

ID.—ACTION OF TRIAL JUDGE NOT CONCLUSIVE—ORDER TO STAY PROCEEDINGS.—Though the duty of granting the certificate of probable

cause rests primarily upon the trial judge, his refusal to grant it is not conclusive; and the defendant has a clear right to renew his application before a justice of this court, and in default of a proper order by the trial judge to stay proceedings pending the preparation of a record from which probable cause may be determined upon proper application here, this court will make the requisite order.

PETITION for stay of execution pending preparation of record on appeal from a judgment of conviction of manslaughter in the Superior Court of Shasta County and from an order denying a new trial. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

C. F. Kimball, and Shanahan & Braynard, for Petitioner.

No appearance for Respondent.

THE COURT.—The defendant was convicted of manslaughter, and has appealed to this court. The trial judge refused a certificate of probable cause, and refuses to stay execution of the sentence until an application for such certificate can be made here.

A criminal appeal, except in capital cases, does not stay execution unless a certificate is filed by the trial judge or a justice of the supreme court that, in his opinion, there is probable cause for the appeal. (Pen. Code, sec. 1243.) When there is probable cause the defendant is clearly entitled to the certificate as matter of right, and there is probable cause whenever there is room for an honest difference of opinion as to the existence of any prejudicial error in the proceedings leading to the conviction. In all such cases it is the duty of the trial judge to grant the certificate, notwithstanding his own opinion that the record is free from error. (*Matter of Adams,* 81 Cal. 163.) The defendant, in other words, is entitled to a stay of execution where his appeal is not clearly frivolous. But although the duty of granting the certificate devolves primarily upon the trial judge, his refusal to grant it does not conclude the matter. The defendant has a clear legal right to renew his application before a justice of this court, and his right to make the application here includes the right to a stay of execution until he can, exercising proper diligence, procure the settlement of a bill of exceptions,—

such record being the essential basis of any action by any other judge than the trial judge. Here the trial judge refused any stay of execution beyond the time for proposing a bill by the defendant. Defendant has filed a proposed bill within the time allowed for that purpose, but it has not been settled, and, as matters now stand,—the stay of proceedings granted by the trial judge having expired,—it has become the duty of the sheriff to transport the prisoner to the state prison before he could possibly have the hearing before a justice of this court to which he is clearly entitled. To prevent this injustice, and to secure the defendant in his right to a stay of execution pending his appeal,—if in the opinion of a justice of this court there is probable cause as above defined,— it is obviously necessary that there should be a further stay until a reasonable time has elapsed after settlement of the bill of exceptions, for without that record we can have no means of determining whether there is probable cause or not.

In a case in all substantial respects the same as this it was said by Beatty, C. J., that: "It was the plain duty of the superior court to stay the proceedings during the time allowed by law for preparing the bill of exceptions, and for such further time as might be necessary for its settlement, provided the defendant exercised proper diligence in its preparation." (*People* v. *Lane,* 96 Cal. 597.) We approve this statement, and would say in addition that since the defendant is required to give notice to the district attorney of his application here for a certificate of probable cause, the stay, if demanded, should be extended to a reasonable time after the bill has been duly certified.

In this case, in default of a proper order by the trial judge, we have made the order ourselves.