[Crim. No. 22.    Third Appellate District.—January 24, 1906.]

## Ex Parte BUD WHITE, on Habeas Corpus.

HABEAS CORPUS—ORDER DISCHARGING PETITIONER NOT APPEALABLE.—
Neither the provisions of article VI, section 4 of the constitution,
conferring jurisdiction on the district courts of appeal in certain
actions and proceedings, nor the provisions of section 1475 of the
Penal Code, as amended in 1905, give a right of appeal to the
district court of appeal from an order of the superior court dis-
charging the petitioner in proceedings on *habeas corpus*. Such an
order is not a final judgment within the meaning of section 939 of
the Code of Civil Procedure, and is not appealable.

APPEAL from an order of the Superior Court of Men-
docino discharging a petitioner on *habeas corpus*. J. Q.
White, Judge.

The facts are stated in the opinion of the court.

Robert Duncan, District Attorney, for Appellant.

Weldon & Held, for Respondent.

CHIPMAN, P. J.—Petitioner, one Bud White, was con-
victed of the crime of petit larceny and was sentenced to
"pay a fine of $500 or be imprisoned in the county jail one
day for each dollar of said fine." He was subsequently dis-
charged on writ of *habeas corpus* heard by the judge of the
superior court of Mendocino county. Thereafter the district
attorney of said county served notice on the attorney for
petitioner directing him to "take notice that the people of
the state of California ex rel. J. H. Smith, sheriff of the
county of Mendocino, state of California, and J. H. Smith,
as sheriff of the said county of Mendocino, hereby appeal to
the district court of appeal for the third district, state of
California, from the order and judgment in the above-entitled
action in the above-entitled court and entered on the sixth
day of July, A. D. 1905, in favor of Bud White, and from the
whole thereof." Whether the district attorney or sheriff
could use the name of the people of the state without the

consent of the attorney general first obtained is a question raised, but we will not consider it.

Will an appeal lie to this court from the order or judgment? The question arose in 1852, in *Matter of Perkins,* 2 Cal. 424. The court said: "The act concerning 'Writ of Habeas Corpus,' passed April 20, 1850 (Stats. 1850, p. 334, c. 122) has vested the power of hearing and determining writs of *habeas corpus* in the judge of every court of record in the state; it is a mere chamber proceeding, a summary mode of determining whether a party be properly held in custody. The final determination is not that of a court, but the simple order of a judge, and is not appealable from or subject to review. The doctrine of *res adjudicata* cannot apply to such determinations. . . . The statute never contemplated that a judgment upon one writ should be a bar to any further proceeding, but looks to a different result; and any prisoner may pursue his remedy of *habeas corpus* until he has exhausted the whole judicial power of the state." The question again arose in 1865, in *Matter of Edward Ring,* 28 Cal. 248. The constitution and the statute had undergone no changes in *habeas corpus* proceedings up to this time and the doctrine of the Perkins case was approved. Again, in 1871, *People* v. *Schuster,* 40 Cal. 627, the people appealed from an order admitting the prisoner to bail on *habeas corpus* proceedings. The court said: "There is no provision in the *habeas corpus* act permitting an appeal from the order of the judge, in proceedings had under that act; and it is apparent from the nature of that remedy, that none was intended. Nor is there anything in section 481 of the Criminal Practice Act, regulating appeals in criminal cases, which will authorize an appeal from such an order." If the question has since been before the supreme court we have not been able to discover it, and no more recent case has been cited. It is perhaps not far from the truth that the consensus of opinion of the bar and bench of this state has, for a third of a century, been that there was no appeal allowable from an order either granting or refusing a discharge on *habeas corpus* and the practice has conformed to that view of the law.

But it is contended by appellant that this doctrine has been changed by the recent amendment to the constitution conferring jurisdiction on the district courts of appeal (Const.,

art. VI, sec. 4), and by the amendment of section 1475 of the Penal Code (Stats. 1905, p. 706, c. 544); that *habeas corpus* is a civil proceeding whether regarded as a civil action or a special proceeding of a civil nature. (*Ex parte Tom Tong*, 108 U. S. 556, [2 Sup. Ct. 871]; *Ex parte Milligan*, 4 Wall. 142; *State ex rel. Durner* v. *Huegin*, 110 Wis. 189, [85 N. W. 1046]; *Cross* v. *Burke*, 146 U. S. 82, [13 Sup. Ct. 22].) The argument is that remedies by the Code of Civil Procedure are divided into two classes—actions and special proceedings (section 21); that an action is a legal proceeding "for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" (section 22); that "every other remedy is a special proceeding" (section 23); that there are only two kinds of actions, civil and criminal (section 24); that a civil action arises out of: 2. "An injury"; that a civil action "is prosecuted . . . for the enforcement or protection of a right, or the redress or prevention of a wrong"; that the fact that the provisions of our law relating to *habeas corpus* are found in the Criminal Code is entitled to no weight. (*Lewis* v. *Dunne*, 134 Cal. 294, [86 Am. St. Rep. 257, 66 Pac. 478].) From these premises appellant reaches the conclusion that the writ of *habeas corpus*, whether a civil action or a special proceeding of a civil nature, is governed by the provisions of the Code of Civil Procedure relative to appeals. The next step in the argument is that this court is given appellate jurisdiction by the constitution "in proceedings of *mandamus, certiorari* and prohibition, usurpation of office, contesting elections and eminent domain, and in such other special proceedings as may be provided by law." (Art. VI, sec. 4.) And that section 939 of the Code of Civil Procedure provides for an appeal "from a final judgment in an action or special proceeding commenced in the court in which the same is rendered within six months after the entry of judgment." Finally, it is claimed that a judgment in a *habeas corpus* case is a final judgment, hence the appeal must lie. That the judgment is final is grounded on the amendment of section 1475 of the Penal Code (Stats. 1905, p. 706, c. 544), which provides that the writ may be granted: "2. By the superior court, or a judge thereof. . . . *If the writ has been granted by any superior court or judge, and after the*

*hearing thereof the prisoner has been remanded, he shall not be discharged from custody by the same or any other superior court or judge, unless upon some ground not existing at the issuing of the prior writ, or unless upon some point of law not raised at the hearing upon the return of the prior writ."* The amendment is in italics. We have thus stated at some length the grounds urged in support of the appeal, first, because they seem to cover in outline about all that can be suggested on that side of the question; and, secondly, because the point has not arisen in the supreme court in recent years and is now based upon an alleged changed condition of the law. The question was suggested incidentally in the Culp Case (*ante,* p. 70, [83 Pac. 89],) but not definitely passed upon. There is nothing in the changes which have taken place in our constitution and statutes in recent years indicating that the order or judgment made in a *habeas corpus* case is any more final than formerly when it was held that such a judgment was not *res adjudicata* or final. If final, it would follow that it could be pleaded in bar; but the statute relied on by appellant still leaves the remedy open and unrestricted in the district appellate court and in the supreme court by original writ where a plea in bar would be unavailing. The only change made in the statute is that where a superior court or judge thereof has at the hearing remanded the prisoner, he shall not be discharged by the same or other superior court or judge except upon some new ground not existing at the time the writ issued or upon some point of law not raised at the hearing of the return of the writ. The statute is careful to omit the case where the prisoner is discharged, and it applies in a limited way only to the case where he is remanded. (See notes of Code Commissioners to amendments, Stats. 1905, p. 1140.) Under the former universally accepted practice in this state (which was in conformity with the rule at common law) the prisoner, if remanded, could apply to every superior court in the state as well as to the supreme court on an identical petition, and as was said in the Perkins case, *supra,* "until he has exhausted the whole judicial power of the state." The court said in *Grady* v. *Superior Court,* 64 Cal. 155, [30 Pac. 613]: "We wish it to be distinctly understood that we express no opinion with respect to the correctness of the judgment of

the superior judge in *habeas corpus*. His view of the law is not authority binding upon any other judge or court should the same question arise in another case upon the same or similar facts." If the prisoner be "discharged from custody on a criminal charge," the judgment cannot be used in a plea in bar of a prosecution if he "is afterward committed for the same offense by legal process or order," or, if the discharge is "for defect of proof, or for any defect of the process, warrant, or commitment in a criminal case, the prisoner is again arrested on sufficient proof and committed by legal process for the same offense." (Pen. Code, sec. 1496.) In *Re Begerow*, 136 Cal. 293, [68 Pac. 773], it was said: "The petitioner's formal discharge upon *habeas corpus* was determinative, therefore, of but two things: (1) That the pending prosecution against him must be dismissed; and (2) that because of said dismissal he was entitled to his present liberty." In that case, Begerow applied for a dismissal of the action under subdivision 2 of section 1382 of the Penal Code, and was refused. Subsequently, he was discharged upon a writ sued out before the supreme court. He was rearrested upon a warrant based upon a complaint charging him with the same crime as that for which he had been previously arrested. He again applied for a writ to the supreme court, contending that his discharge upon the former hearing estopped the state from the right to further prosecute him for the alleged crime. The court in the opinion referred both to sections 1487 and 1496 of the Penal Code as showing that the discharge under the writ was not a bar to further prosecution on another information or indictment for the same offense. This being true, the judgment or order of discharge cannot be held to constitute such final judgment as would be appealable under any provision of the Code of Civil Procedure, and it is not claimed that any provision is elsewhere found, either in the *habeas corpus* act or in the provisions of the Penal Code for appeal from such order or judgment. We are aware that in some jurisdictions it has been held that an appeal may be taken or a writ of error sued out and the *habeas corpus* proceedings thus be reviewed. But in the great majority of cases this was allowable under statutory provision, and where not so directly the decisions were more or less affected by

existing statutes. Independent of statutory provisions, the better doctrine is that a decision in *habeas corpus* is not of such conclusive character as to support a writ of error, and that no right of appeal exists. (9 Am. & Eng. Ency. of Law, p. 1072; Church on Habeas Corpus, sec. 386.)

Having in mind the original purpose of the writ, it is difficult for us to perceive the wisdom or reason upon which statutes are based which allow an appeal in cases where the prisoner has been discharged or that deny the right altogether of making a second application to any other court when once remanded. The delay which might and generally would attend the appeal would in many cases work a denial of the very object of the writ, which is to secure the present discharge of the prisoner, and in most cases the value of this bulwark of personal liberty would be so impaired as to lose the distinctive character and office with which it has been clothed ever since King John met the Barons at Runnymeade in 1215, and instead of being the safeguard of human liberty it might become a means of oppression.

In the reply brief appellant contends that the action of the superior court was in excess of its jurisdiction. This contention is based upon the provisions of sections 1486 and 1487 of the Penal Code. There being no appeal from the order of the court, the question cannot be reviewed.

The appeal is dismissed.

McLaughlin, J., and Buckles, J., concurred.