[Crim. No. 164.  First Appellate District.—December 30, 1908.]

## THE PEOPLE, Respondent, v. BENJAMIN B. LEE, Appellant.

CRIMINAL LAW—APPEAL—PROBABLE CAUSE—UNSETTLED BILL OF EXCEPTIONS—STAY OF EXECUTION OF SENTENCE.—When an appeal is taken to this court by a defendant convicted of manslaughter, who has presented a bill of exceptions, which remains unsettled, and the trial court has refused a certificate of probable cause for appeal, and to stay execution of the sentence pending the settlement of the bill, and this court is applied to for such certificate and stay, it cannot grant the certificate until it has the record and settled bill of exceptions before it; but this court will, in the due administration of justice, order the execution of the sentence to be stayed pending the settlement of such bill, and for a reasonable time thereafter to enable the defendant to present the question of probable cause to this court and until its further order.

APPLICATION for a stay of execution of sentence rendered upon the conviction of the defendant of manslaughter in the Superior Court of the City and County of San Francisco. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

E. H. Wakeman, for Petitioner.

COOPER, P. J.—It appears that the defendant was convicted of manslaughter and sentenced to a term of five years in the state prison, the sentence being imposed on December 18, 1908. He has since appealed to this court and has prepared, served and presented to the trial judge his bill of exceptions, which bill of exceptions has not yet been settled. The trial judge has refused to give him a certificate of probable cause, and has further refused, and now refuses, to stay the execution of sentence pending the settlement of the bill of exceptions, or for such reasonable time as may be necessary for the settlement of the same. Defendant desires to apply to this court for a certificate of probable cause, and, in order to pass upon the question as to whether or not he is entitled to it, it is necessary for this court to have the record and the settled bill of exceptions before it.

The due administration of justice and the spirit of the law and the settled practice of the supreme court of this state requires that the defendant should be given a reasonable time in which to prepare the record and present to this court the question as to whether or not there is probable cause for the appeal, and that, in the meantime, the defendant should not be incarcerated in the state prison. (*In re Adams,* 81 Cal. 163, [22 Pac. 547]; *People* v. *Gallanar,* 144 Cal. 656, [79 Pac. 378].)

It is therefore ordered that the execution of the sentence herein be stayed pending the settlement of the proposed bill of exceptions, and for such reasonable time thereafter as will enable the defendant to present the matter to this court, or until the further order of this court.