[Crim. No. 741. Second Appellate District, Division Two.—September 18, 1920.]

## THE PEOPLE, Respondent, v. FRED H. MAYEN, Appellant.

[1] CRIMINAL LAW—CONVICTION OF FELONY—APPEAL—STAY OF EXECUTION—CERTIFICATE OF PROBABLE CAUSE.—A defendant convicted of a felony and sentenced to the state prison, who thereafter takes an appeal and is refused a certificate of probable cause by the trial court, is entitled to a stay of execution by the appellate court until the record on his appeal shall have been transmitted to the appellate court so that he may lawfully apply for a certificate.

[2] ID.—UNSUCCESSFUL ATTEMPT TO ESCAPE—RIGHT TO CERTIFICATE UNAFFECTED.—An unsuccessful attempt to escape after conviction does not per se deprive a defendant of his right to a certificate of probable cause, or of the right to a stay of execution until such time as he may properly present an application for such a certificate to a justice of the appellate court.

APPLICATION for stay of execution pending perfection of appeal. Granted.

The facts are stated in the opinion of the court.

John S. Cooper and George H. Shreve for Petitioner.

U. S. Webb, Attorney-General, for Respondent.

THE COURT.—The defendant in this case was convicted of a felony and sentenced to the state's prison at San Quentin. Thereafter, defendant having taken an appeal to this court, the judge of the trial court issued a certificate of probable cause. Thereafter the judge of the court below revoked his certificate of probable cause. Defendant thereupon applied to this court for a stay of execution of the sentence until such time as he can lawfully apply to a justice of this court for a certificate of probable cause, that is, until the record on his appeal shall have been transmitted to this court.

---

2. Effect of escape on appeal from conviction, notes, 3 Ann. Cas. 512; 13 Ann. Cas. 497; 26 L. R. A. (N. S.) 921.

[1] We are constrained to the view that, under the authority of *People* v. *Lane*, 96 Cal. 596, [31 Pac. 580], and *People* v. *Gallanar*, 144 Cal. 656, [79 Pac. 378], we have no discretion in the matter but must grant the stay of execution until defendant can exercise the right granted him by section 1243 of the Penal Code, i. e., the right to apply to a justice of this court for a certificate of probable cause.

[2] It has been suggested by the district attorney that, subsequent to defendant's conviction and while he was confined in the county jail in the custody of the sheriff, he attempted to escape. In our opinion, if there be probable cause for the appeal, i. e., if there is room for an honest difference of opinion as to the existence of any prejudicial error in the proceedings leading to conviction, an unsuccessful attempt to escape does not *per se* deprive the defendant of his right to the certificate of probable cause; and if an attempt to escape does not of itself deprive a defendant of the right to the certificate of probable cause, it does not deprive him of his right to a stay of execution until such time as he may properly present to a justice of this court his application for the certificate. For these reasons we have ordered a stay of execution until the record on appeal shall have been transmitted to this court.