[Crim. No. 1006. Third Appellate District.—December 8, 1927.]

In the Matter of the Application of O. A. MARTINSON for a Writ of Habeas Corpus.

W. F. Cowan and John O. Kroyer for Petitioner.

Carl Barnard, District Attorney, and E. J. Dole, Deputy District Attorney, for Respondent.

PLUMMER, J.—The petitioner was tried and convicted of a misdemeanor as provided for in section 21 of the Juvenile Court Law (see Deering's General Laws, Act No. 3966, page 1568), and was sentenced to pay a fine of $750, and also to be imprisoned in the county jail of the county of Sonoma for the period of six months. From this judgment the petitioner has appealed to this court and applied to the trial court for admission to bail pending the determina-

tion of such appeal. This application was denied by the trial court, and the petitioner is here asking that he be admitted to bail pending such appeal.

■ Unless the second subdivision of section 1272 of the Penal Code has been repealed or modified by the amendment made to section 1243 of the Penal Code by the act of the legislature approved May 19, Statutes of 1927, page 1062, it is conceded that the petitioner is entitled to bail. Prior to the approval of the act just referred to section 1243 of the Penal Code read as follows: ''An appeal to the Supreme Court from a judgment of conviction stays the execution of the judgment in all capital cases and in all other cases, upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court or of a justice of the Supreme Court, that in his opinion there is probable cause for the appeal, but not otherwise.'' As amended, said section now reads: ''An appeal to the Supreme Court or to a District Court of Appeal from a judgment of conviction stays the execution of the judgment in all cases where sentence of death has been imposed, but does not stay the execution of the judgments in any other case, unless the trial court shall so order. The granting or refusal of such order shall rest in the sole discretion of the trial court. If such order is made, the clerk of the court shall issue a certificate stating that such order has been made. In cases where the defendant has been sentenced to death or life imprisonment, he shall be confined in a state prison pending the decision upon appeal.'' By the amended section the law is really changed only in matters of procedure. The granting to an appellant of a stay of execution prior to the amendment rested in the trial court, in the district court of appeal and the supreme court, as to whether a writ of probable cause should be issued. It was not a matter of absolute right one way or the other. The exercise of the discretion as to whether such a writ should issue was placed in the courts above mentioned. While the section of the code did not, in terms, give the district court of appeal the authority to issue such a writ, the constitutional provision under which such court was created provided therefor. As amended, the right of the supreme court and of the district court of appeal to issue such writ is eliminated. There is no provision in the

amended section for the issuance of a writ of probable cause. Whether execution shall be stayed, which really means whether the defendant in a felony case shall remain in the county jail in the county where conviction has been had, or shall be taken to the state's prison, other than in the two excepted cases, is vested solely in the trial court. Section 1243 of the Penal Code, as it read prior to the passage of the amendatory act in 1927, and since, has to do only with the stay of execution. The form or method of procedure by which execution may be stayed, and the court vested with power to stay such execution, is the only change wrought by the amendment. The title of the act amending section 1243 of the Penal Code, passed by the legislature and approved May 19, 1927, as above stated, reads as follows: "An act to amend section 1243 of the Penal Code relating to stay of execution pending appeal in criminal cases." The subject matter of the title is staying execution, which is the substantive law of the section as it stood both before and after the 1927 amendment or revision. Section 1243 is found in chapter 1 of title IX relating to appeals to the supreme court, which, under the constitution, also relates to appeals to the district court of appeal. There is nothing in any one of the sections contained in chapter 1 of title IX relating to any subject other than that of appeals and the effect thereof. The subtitle, as it appears in the codes, indicates the entire subject matter, to wit: "Appeals, when allowed and how taken, and the effect thereof." By reference to the title employed by the legislature in passing the amendatory act of 1927, it is readily perceived that the legislature had in mind just one subject, i. e., the staying of execution pending appeal, and who should be vested with authority to issue such order. Nothing else is included in the title, and nothing further appears in the amended section.

Subdivision 2 of section 1272 of the Penal Code, relating to bail as a matter of right, as it now reads and has read since the amendment in 1909, is as follows: "As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor." Prior to 1909 this subdivision was not included in the section. Section 1272 of the Penal Code is found in article I, chapter 1, title X, of the Penal Code under the title: "In what cases the defendant

may be admitted to bail." The article has to do exclusively with the subject of admitting a defendant to bail, both before and after conviction; specifies in what cases it is a matter of discretion and in what cases it is a matter of right. There is nothing contained in any of the sections found in article I of chapter 1, title X, of the Penal Code relating to the staying of executions. The proposition before us may be stated more succinctly in this way: Chapter 1 of title IX has to do with appeals and executions. Article I of chapter 1 of title X has to do exclusively with the subject of bail. Neither one contains a section referring to any subject matter contained in the other. Notwithstanding this, it is contended by the respondent that section 1243 of the Penal Code, by implication, repeals subdivision 2 of section 1272 of the same code in so far as bail in misdemeanor cases is made a matter of right. This contention overlooks the essential fact that where repeal is had by implication, the essential requisite is that both acts must relate to the same subject matter. This is clearly set forth in section 85 of 23 Cal. Jur. 697, as follows: "In order that one act may repeal another by implication, it seems clear that both must deal with the same subject matter. An act is not repealed by a subsequent act relating to another matter, nor is a section repealed by a subsequent section if the subjects of the two sections are distinct and separate and in nowise conflict with each other." Again, as said in the case of *People* v. *Pacific Improvement Co.*, 130 Cal. 442 [62 Pac. 739]: "It is the established rule of construction that the law does not favor a repeal by implication, but that where there are two or more provisions relating to the same subject matter, they must, if possible, be construed so as to maintain the integrity of both." See, also, the case of *California Highway Com.* v. *Ballard, as County Auditor*, 77 Cal. App. 404 [247 Pac. 527], where the subject of repeal by implication was considered by this court. To the same effect is the case of *Banks* v. *Yolo County*, 104 Cal. 258 [37 Pac. 900], where the court said: "Repeals by implication are not favored; and the repugnancy between two acts should be very clear to warrant the court in holding that the latter in time repeals the former when it does not in terms purport to do so." As shown by the sections as set forth herein, there is nothing in the act of the legis-

lature of 1927 amending section 1243 of the Penal Code which refers in terms to anything whatever contained in section 1272 of the Penal Code or to any of the sections of the title in which said section is found.

Again, in construing different sections of the code, it is helpful to ascertain, if possible, the intent of the legislature at the time of their enactment. In this particular we have before us the report of the commission for the reform of criminal procedure, submitted to the legislature in 1927, and which led to the enactment of section 1243 of the Penal Code in its present form. This report shows that nothing outside of the subject matter of said section was being considered. As to said section 1243, the report upon which the legislature acted reads: "It is recommended that this section be amended to provide that the granting of a stay of execution on appeal shall rest in the sole discretion of the judge of the trial court. The evident intent of the legislature in adopting the section as it now stands was to make the issuance of such certificate a matter of discretion. This intent has, to a large extent, been nullified by judicial decision. The proposed amendment will restore it. It is felt that this discretion should rest with the judge of the trial court rather than with the justices of the supreme or appellate courts, who can have no personal familiarity with the case." Reading further in the report we find that the same commission recommended to the legislature amendments to certain sections of the Penal Code relating to the admission of bail, a reading of which shows that the commission did not have in view the recommending of any limitation being placed upon the statutory right to bail in misdemeanor cases. A quotation from the report will best explain what the commission had in thought: "As a result of the study of the present system and its practical application, several changes are recommended. The present system has been, and is subject to a number of very serious abuses. Perhaps first among these is the so-called straw-bail evil, that is, the giving of bonds which are not collectible. Another serious abuse has grown up in connection with the bail-bond business, that is, the business of giving bail-bonds for pay." The commission then recommended certain amendments to sections of the Penal Code found in article II, chapter 1, title X, providing for a closer

scrutiny as to the financial responsibility of sureties upon bail bonds.

Another principle must also be held in thought when interpreting statutes. If one interpretation leads to an absurdity, while another will give practical effect to all the sections of the code, the latter. is to be preferred. Section 1272 of the Penal Code, as we have stated, gives the defendant in misdemeanor cases an absolute right to bail pending appeal. If the construction contended for by the people should be given to section 1243 of the same code, and the court should hold that this section, as amended in 1927, repeals, by implication, the right given by section 1272, the legislature would be placed in the position of having granted a defendant the right of appeal in a misdemeanor case, and at the same time opened the door to take away every possible benefit that could be derived from such an appeal. This will clearly appear by the following illustration: The law allows the reporter in a criminal case twenty days from the time of notice being given in which to write up the testimony in a criminal case. Settlement of the transcript may be had by the clerk giving notice to the respective parties to appear before the trial judge at a certain date, ten days being allowed for this. Assuming that the cause is placed upon the calendar of the appellate court to which the cause is appealed, the statute allows thirty days before the same needs to be heard, assuming that the court complies therewith and the cause is placed upon the calendar for hearing. After the hearing is had, the statute allows ninety days within which the appellate court may render a decision. After the decision has been rendered, sixty days must elapse before the *remittitur* of the appellate court goes down to the trial court from which the cause was appealed. Thus, under the provisions of the statute, where a defendant in a misdemeanor case is sentenced to imprisonment for six months or 180 days under the same Penal Code, 210 days might be lawfully taken under the codes before rendering a decision. In other words, if a defendant, under such circumstances, has presented a meritorious cause on appeal and secured a reversal of a sentence imposing six months' imprisonment in the county jail, he would have served his time and been at liberty thirty days before the decision in his case would, under the law, be-

come final. We assume that six months' period would cover, or perhaps more than cover, the average sentence in misdemeanor cases. We do not think the legislature intended any such result, and there seems to us no escape from the conclusion that the legislature had no thought of taking away the statutory right to bail in misdemeanor cases, and that the legislature did not, by· the amendment of section 1243 of the Penal Code by the act of May 19, 1927 limit such statutory right. The statutory right to bail pending appeal in misdemeanor cases being in full force and effect, we have only to fix the amount or sum that should be exacted as security for the defendant's appearance, to render himself in execution. In doing this we are guided somewhat by the extent of the penalty imposed in this case. It is, therefore, ordered that the petitioner be admitted to bail, pending appeal, upon giving a bond in the sum of $1,500, with sureties approved by a judge of the superior court of Sonoma County.

Hart, J., and Finch, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 9, 1928.