[Crim. No. 2091. First Appellate District, Division One.—September 27, 1939.]

THE PEOPLE, Respondent, v. HUSTON BURNETTE, Appellant.

William F. Herron for Appellant.

Earl Warren, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

PETERS, P. J.—Appellant has appealed to this court from a judgment of conviction rendered against him in a criminal case. The trial court refused him a certificate of probable cause, whereupon appellant petitioned this court for a writ

of *supersedeas* to stay the execution of the judgment pending the appeal.

 Although section 1243 of the Penal Code as amended in 1927 purports to place exclusive jurisdiction over the staying of executions in criminal cases in the trial court, it is now settled that the power of the appellate courts is inherent and plenary to issue writs or orders by which execution of criminal judgments will be stayed pending appeal. (*In re Albori*, 95 Cal. App. 42 [272 Pac. 42] ; *People* v. *Biescar*, 95 Cal. App. 70 [272 Pac. 328] ; *In re Brahm*, 98 Cal. App. 731 [277 Pac. 895].) Under the rule of these cases the writ should issue in all cases where the appeal presents debatable questions on which there may be an honest difference of opinion, and will be refused only where the appeal is frivolous. (See, also, *In re Adams*, 81 Cal. 163 [22 Pac. 547].)

 In the present case the appellant urges four main grounds for appeal:

1. Insufficiency of the evidence to justify the verdict;
2. Misconduct of the trial judge;
3. Unwarranted restriction of cross-examination;
4. Misconduct of the district attorney.

Without now commenting on the merits of these contentions, an examination of the reporter's transcript demonstrates that the appeal is not frivolous. It follows that the petition for the writ of *supersedeas* to stay execution pending the appeal should be granted. The writ was ordered issued from the bench at the time this cause was on the calendar. This opinion is filed to conform with constitutional requirements.

Ward, J., and Goodell, J., *pro tem.*, concurred.