[Crim. No. 2116. First Appellate District, Division One.—April 9, 1940.]

THE PEOPLE, Respondent, v. DAVID RODGERS, Appellant.

Raine Ewell for Appellant.

Matthew Brady, District Attorney, and Preston Devine, Deputy District Attorney, for Respondent.

KNIGHT, J.—On November 27, 1939, the defendant, David Rodgers, was found guilty by a jury of having committed five felonies and two misdemeanors. The felonies were sex crimes (Pen. Code, secs. 261, 286, 288, and 288a) committed upon three girls, aged 14, 13 and 9 years respectively; and as a punishment therefor consecutive sentences of imprisonment in the state prison were imposed. The misdemeanor convictions were based on charges of contributing to the delinquency of two of the girls (sec. 702, Welfare and Institutions Code), and upon each of those convictions he was sentenced to one year in the county jail, but the sentences were suspended. Appeals were taken from all of said judgments of conviction, and from the orders denying the motions for new trial. Following the taking of the appeals appellant's present counsel was substituted for the public defender, who until then had defended appellant; and his present counsel applied to the trial court for a stay of execution pending the appeals. The application was denied. Thereupon he filed an application in this court for a writ of *supersedeas*, and a stay was granted pending the filing of the record on appeal and until this proceeding was determined; and the transcripts on appeal have since been filed.

Prior to the recasting in 1927 of section 1243 of the Penal Code, relating to the issuance of certificates of probable cause, it was held in effect that upon the refusal of the trial

court to grant such certificate the appealing party was entitled thereto as a matter of right from the court of appellate jurisdiction unless it clearly appeared that the appeal was frivolous. (*In re Adams,* 81 Cal. 163 [22 Pac. 547].) As reenacted, the code section declared that an appeal to the District Court of Appeal from a judgment of conviction does not stay the execution of the judgment in any case unless the trial court shall so order, and that "The granting or refusal of such order shall rest in the sole discretion of the trial court." Since the recasting of said code section it has been held that despite the fact that the legislature incorporated therein the clause just quoted, a District Court of Appeal in the exercise of the constitutional authority granted by section 4 of article VI of the Constitution may nevertheless in a proper case, by way of writ of *supersedeas,* stay the execution of a sentence imposed pursuant to a judgment of conviction. (*In re Albori,* 95 Cal. App. 42 [272 Pac. 321].) But it is also held that the rule still prevails that a stay should be denied by the court of appellate jurisdiction where it appears that the appeal is frivolous (*In re Albori, supra; People* v. *Burnette,* 34 Cal. App. (2d) 663 [94 Pac. (2d) 399]) ; and in the present case a mere inspection of the record demonstrates without argument and beyond any rational doubt that the points upon which appellant states he will rely for reversal fall far short of presenting even debatable questions.

The sufficiency of the evidence is not challenged; nor is any criticism made of the trial court's rulings on the admissibility of evidence or the conduct of the trial court or the district attorney during the course of the trial. The first point relied upon relates to an incident which appellant claims occurred just before the opening of the trial and prior to the empanelment of the jury, wherein, so he asserts, the clerk of the court "approached" him and stated that the judge "was willing to allow" him to plead guilty to one charge, and that if appellant did not agree to do so and was found guilty on all charges, the judge would order that the sentences run consecutively. There is nothing in the record, however, to show that the incident ever occurred; consequently under no circumstances could it be considered in determining the appeal; moreover, the clerk of the court has

filed an affidavit in the present proceeding denying unequivocally that any such conversation ever took place.

■ Appellant's next point is directed against the order made by the trial court at the commencement of the trial consolidating the three cases for trial. In this connection the record shows that a separate grand jury indictment was found against appellant covering the crimes alleged to have been committed upon each girl; and that at the opening of the trial the district attorney moved that the three cases be tried together; that no objection whatever was made by appellant, either personally or by counsel, and that accordingly the motion to consolidate was granted. Appellant now asserts, first, that prior to the commencement of a previous trial on said charges, which resulted in a disagreement of the jury, he "personally" demanded a separate trial on each indictment; secondly, that the public defender stated to him at that time that he could not have separate trials; and thirdly, that "against the will and consent of this defendant" an order was made prior to the commencement of the present trial consolidating the three cases for trial. None of the foregoing assertions finds any support in the record; furthermore, the public defender has filed an affidavit in the proceeding now before us wherein he denounces appellant's first assertion as being "utterly false", and the second as "another deliberate falsity"; and with respect to the third, he avers that appellant advised him "that he desired to have all charges against him tried and determined at one time, and in the same trial"; and it appears that such course was followed at the first as well as at the second trial.

■ Appellant's third point is that the trial court instructed the jury "that the law did not require a reasonable doubt to keep from convicting this defendant, and that all they needed was a probable doubt". The record shows, however, that the instruction given by the court upon the doctrine of reasonable doubt followed exactly the form prescribed by section 1096 of the Penal Code; and continuing the court stated: "In other words, a reasonable doubt means just what the term implies, a doubt based upon reason, a doubt that presents itself in the minds of reasonable people who are weighing the evidence in the scales, one side against the other, in the logical manner in an effort to determine wherein lies the truth." Obviously there is nothing in the latter portion

of the instruction to justify the complaint appellant makes against it.

█ Appellant's final claim is that in presenting the various forms of verdicts to the jury the judge stated: " 'In this blank space you are to fill in the word guilty,' and made no mention of any verdict in the event it was not guilty." There is no foundation whatever for such claim. Nine forms of verdict were given to the jury. Three of them pertained to the charge of violating section 261 (rape), and with respect thereto the jury was instructed that it should return the first form if it found the defendant guilty and recommended imprisonment in the state prison; that it should return the second form in case it found the defendant guilty and recommended county jail imprisonment, and the third was in the usual form of a "not guilty" verdict. In submitting each of the remaining six forms of verdicts the court advised the jury that a blank space had been left in each form wherein the words "guilty", or "not guilty" should be inserted by the jury.

█ In passing upon an application such as this, for a writ of *supersedeas* in a criminal action, it must be assumed that an appellant has set forth in his petition the points upon which he intends to rely most strongly for a reversal; and as will be seen from the foregoing, the petition here has not specified a single legal point upon which candid minds might reasonably differ in determining the appeal. Furthermore, it appears that the cause took but one day to try, that the reporter's transcript contains only sixty pages of testimony and twelve pages of instructions, including the forms of verdicts, and that although the clerk's and reporter's transcripts have now been on file for more than three and a half months, counsel for appellant has not yet filed an opening brief.

For the several reasons above stated, we feel justified in holding that the appeal is frivolous; and that being so, the writ should be denied. It is so ordered, and the stay heretofore granted is terminated.

Peters, P. J., and Ward, J., concurred.