[Crim. No. 847.   Fourth Dist.   Mar. 6, 1952.]

In re SAMUEL FISHMAN, for Admission to Bail and Stay
of Execution of Judgment Pending Appeal.

Thomas Whelan and John W. Preston for Petitioner.

Edmund G. Brown, Attorney General, William E. James,
Deputy Attorney General, James Don Keller, District At-
torney (San Diego), and Clifford L. Duke, Deputy District
Attorney, for Respondents.

GRIFFIN, J.—Petitioner was convicted of a felony by a jury in the Superior Court of San Diego County. The trial judge imposed a prison sentence and in addition ordered defendant to pay a fine of $3,500. After denying a motion for new trial and after hearing had, the trial court denied petitioner's application to that court for bail and denied his application for stay of judgment pending appeal.

Petitioner instituted, in this court, this proceeding. The application for bail is predicated upon the ground that petitioner was and is suffering from a cancer of the nasal area, diabetes, and general ailments, and that immediate treatment is necessary, claiming that incarceration in the county jail in his present condition would mean that his health and years of his life would be in danger. In support of the contention that the court erred in denying the application for bail, petitioner cites such cases as *In re Pantages,* 209 Cal. 535 [291 P. 831]. Affidavits of two physicians were attached to the petition in support of the allegations, stating that unless petitioner can have proper diet and adequate exercise, incarceration would result in grave danger to his diabetic condition and general health. An additional affidavit of another physician was submitted to this court for consideration, which affidavit was used in the habeas corpus proceeding. See *In re Application of Samuel Fishman for Writ of Habeas Corpus,* 4 Crim. No. 846, *ante,* 632 [241 P.2d 605], this day decided, for a more complete statement of the medical testimony produced.

Rule 32(b) of the Rules on Appeal provides that an application to a reviewing court for bail on appeal pending therein shall be made on such notice to the district attorney and the attorney general as the court may determine, and shall include a showing that proper application for bail or a reduction of bail was made to the superior court and such court *unjustifiably* denied the application. The trial court apparently considered the question of petitioner's health at the time of that application and was satisfied that it would not be impaired by incarceration. The showing now made in this court, on the hearing of the petition, is equally convincing. The application was not *unjustifiably* denied and no abuse of discretion of the trial court appears in denying petitioner bail pending appeal. (*People* v. *Davis,* 67 Cal.App. 2d 837, 839 [155 P.2d 675], and cases cited.)

It is also argued in this proceeding that since the appeal from the judgment is not frivolous, and since the record

shows a probable cause for the appeal, petitioner is, as a matter of right, entitled to an order for stay of execution pending appeal, and that the trial court abused its discretion in denying this right, citing such cases as *People* v. *Gallanar,* 144 Cal. 656 [79 P. 378]; *People* v. *Mayen,* 49 Cal.App. 314 [193 P. 173]; *People* v. *Davis,* 67 Cal.App.2d 837 [155 P.2d 675]; *In re Burnette,* 35 Cal.App.2d 358 [95 P.2d 684]; and *People* v. *Burnett,* 34 Cal.App.2d 663 [94 P.2d 399].

As to this point, the People question the right of the trial court, since the amendment of Penal Code, section 1243, in 1927, to issue a certificate of probable cause, and the right of the appellate court to pass on the question of probable cause, except on review in those cases where the trial court has abused its discretion or *unjustifiably refused to grant the stay.* (See history of amendment in *In re Martinson,* 87 Cal. App. 393, 394 [262 P. 474], and Rule 32A, Rules on Appeal; but see *People* v. *Rodgers,* 38 Cal.App.2d 360 [101 P.2d 157]; and *People* v. *Cox,* 65 Cal.App.2d 712 [151 P.2d 269].)

The record on appeal is not before us and accordingly, we are unable to properly pass on the question whether the appeal is or is not frivolous, whether debatable questions are presented, or whether the trial court *unjustifiably* denied the application. In this proceeding we deem it unnecessary to determine this question.

The effect of granting the applicant a stay of execution would be only to retain petitioner in the county jail pending appeal. Since the trial court was justified in denying bail, petitioner's confinement would be in the county jail pending appeal. Petitioner, through his counsel, emphatically stated in open court and in his brief, that if the application for bail is denied his application for stay of execution should likewise be denied because petitioner's health would be better protected, from a medical standpoint, in state's prison than in the county jail. Under these circumstances, and since the defendant has already been delivered to the state's prison, the application for a stay of execution of the judgment is denied.

Lastly, petitioner, in his hearing before the trial court, made no particular mention of that portion of the judgment imposing a fine nor did he attempt to segregate it. After denial of the "stay of execution of the judgment" by the trial court, and after argument of this petition before this court, apparently an execution did issue and an attempted levy was made on the applicant's property to collect the fine imposed. It is argued that a stay of execution upon that

portion of the judgment should be ordered by this court as a matter of right.

A judgment imposing a fine, without any alternative, is equivalent to a civil money judgment, and its collection is subjected to the same rules. (*Grady* v. *Superior Court,* 64 Cal. 155 [30 P. 613] ; Pen. Code, §§ 1206, 1214; 12 Cal.Jur. 516, § 3; Code Civ. Proc., § 681a.)

Under the circumstances, the application to admit petitioner to bail and stay the judgment pending appeal is denied.

Barnard, P. J., and Mussell, J., concurred.